LUCIA E. COYOCA (SBN 128314)
  lec@msk.com
SAMANTHA C. GRANT (SBN 198130)
  scg@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA  90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendant
DISPLAY WORKS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BARTLEY, an individual; and DERSE, INC., a Wisconsin corporation, | CASE NO. 8:16-cv-00269-CJC-JCG |
| Plaintiffs, | Before the Honorable Cormac J. Carney |
| v. | **DEFENDANT DISPLAY WORKS, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE TO STAY, PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| DISPLAYWORKS, LLC, a Maryland Limited Liability Company, and DOES 1 through 25, | |
| Defendant. | Time:      1:30 p.m.<br>Date:      April 25, 2016<br>Courtroom:  9B |
| | File Date:      Jan. 7, 2016<br>Removal Date:   Feb. 16, 2016 |

Mitchell
Silberberg &
Knupp LLP

7529543.1

DISPLAY WORKS' MOTION TO DISMISS, OR IN THE ALTERNATIVE STAY, PLAINTIFFS' FAC

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that, at 1:30 p.m. on April 25, 2016, in the courtroom of the Honorable Cormac J. Carney, of the United States District Court for the Central District of California, 312 N. Spring Street, Courtroom 9B, Los Angeles, CA 90012, or as soon thereafter as the matter may be heard, Defendant Display Works, LLC ("Display Works") shall, and hereby does, move the Court, pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*., to dismiss or, in the alternative, to stay the First Amended Complaint ("FAC") filed in the above-captioned action by plaintiffs Michael Bartley ("Bartley") and Derse, Inc. ("Derse") (collectively, "Plaintiffs").

This Motion is made on the ground that the FAC fails to state a claim upon which relief may be granted because: (1) Bartley's claims for declaratory relief and under California's Unfair Competition Law ("UCL") are barred by the applicable statute of limitations and the doctrine of laches; (2) Plaintiffs fail to allege any unfair or unlawful conduct actionable under the UCL, and not barred by the litigation privilege, and also fail to allege an injury in fact under the UCL; (3) Plaintiffs fail to plead any actionable interference, not barred by the litigation privilege, with any probable prospective economic advantage of which Defendant was aware and plead no independently wrongful act; and (4) Derse's claim for declaratory relief fails because Derse has failed to allege any actual controversy regarding Derse's and Display Works' respective rights or obligations, since Derse is not a party to the agreement at issue in that claim.  Thus, each of Plaintiffs' claims fails as a matter of law.

This Motion also is made on the ground that the Court should exercise its discretion under the Declaratory Judgment Act to decline to assert jurisdiction over

this action and to defer, instead, to the action between the parties currently pending in the District of New Jersey, in which the court already has entered a temporary restraining order enforcing the non-solicitation agreement at issue in the FAC, and has issued an order extending the restraints barring Bartley from violating that agreement.  All three of the relevant factors set forth in <u>Brillhart v. Excess Ins. Co.</u>, 316 U.S. 491 (1942), weigh strongly in favor of dismissal of this action.

At minimum, if the Court declines to dismiss Plaintiffs' claims at this time, this Motion seeks a stay of this action pending resolution of jurisdictional issues currently being litigated in the New Jersey action, including the anticipated appeal thereof, on the ground that judicial and party resources will be best preserved by not proceeding with this action until the issue of the New Jersey court's personal jurisdiction over Derse is decided.

This Motion is and will be based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, any additional memoranda in support thereof, the Court's files and records, the concurrently-filed request for judicial notice and any other matter of which the Court may take judicial notice, and any further evidence or argument Defendant may present before or at the hearing on this Motion.

This Motion is made following a Local Rule 7-3 conference, which took place on March 3, March 15, and March 16, 2016.

DATED: March 21, 2016          MITCHELL SILBERBERG & KNUPP LLP
                               LUCIA E. COYOCA
                               SAMANTHA C. GRANT


                               By:   /s/ Samantha C. Grant
                                     Samantha C. Grant
                                     Attorneys for Defendant
                                     DISPLAY WORKS, LLC

# **TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION ....................................................................1

I.      INTRODUCTION ..............................................................................................1

II.     RELEVANT FACTS AND PROCEDURAL HISTORY ...........................3

    A.      Summary of Relevant Facts ...................................................................3

    B.      Procedural History ...................................................................................4

III.    PLAINTIFFS FAIL TO STATE ANY CLAIM UPON WHICH RELIEF MAY BE GRANTED AND THE FAC SHOULD BE DISMISSED ...........6

    A.      Plaintiffs Fail to State a Claim Under the UCL ...................................6

        1.      Derse Fails to State a UCL Claim Under Either Prong ..............7

        2.      Bartley Fails to State a UCL Claim Under Either Prong ...........9

            a.      Bartley's Claim is Barred by the Statute of Limitations 10

            b.      Bartley's UCL Claim Also Is Barred by Laches............11

    B.      Plaintiffs Fail to Plead Tortious Interference.......................................12

        1.      This Claim Fails as to Relationships With Third Parties .........12

        2.      This Claim Fails as to the Derse-Bartley Relationship ...........14

    C.      Plaintiffs' Declaratory Judgment Claim Fails .....................................14

        1.      Derse Fails to State a Claim for Declaratory Relief................15

        2.      Bartley's Declaratory Judgment Claim is Barred By the Statute of Limitations and Laches ............................................15

IV.     THE COURT SHOULD EXERCISE ITS DISCRETION UNDER THE DECLARATORY JUDGMENT ACT TO DECLINE JURISDICTION.....16

    A.      The Declaratory Judgment Act Grants Discretion to the Court to Decline Jurisdiction Over this Action.................................................16

    B.      The Brillhart Factors Favor Dismissal.................................................18

i

# TABLE OF CONTENTS
### (*cont.*)

**Page**

      1.    Dismissal Would Discourage Forum Shopping ........................18

      2.    Dismissal Would Avoid Duplicative Litigation ......................19

      3.    Dismissal Will Avoid Needless Determination of State Law ..21

C.    Federal Courts in California Consistently Have Declined To Exercise Jurisdiction Under Similar Circumstances...........................21

D.    At Minimum, the Court Should Stay this Action Pending a Ruling from the Third Circuit Regarding Personal Jurisdiction Over Derse .23

V.    CONCLUSION .............................................................................25

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Am. Nat'l Fire Ins. Co. v. Hungerford,
  53 F.3d 1012 (9th Cir. 1995) ............................................................. 18

Aryeh v. Canon Bus. Sols., Inc.,
  55 Cal. 4th 1185 (2013) ..................................................................... 10

Ashcroft v. Iqbal,
  129 S. Ct. 1937 (2009) ......................................................................... 6

AsIs Internet Servs. v. Active Response Group,
  2008 U.S. Dist. LEXIS 117075 (N.D. Cal. Sept. 16, 2008) ............... 25

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007) .............................................................................. 6

Brillhart v. Excess Ins. Co.,
  316 U.S. 491 (1942) ...................................................................... 17, 18

Cel-Tech Communs., Inc. v. Los Angeles Cellular Tel. Co.,
  20 Cal. 4th 163 (1999) ...................................................................... 6, 7

Chavez v. Whirlpool Corp.,
  93 Cal. App. 4th 363 (2001) ................................................................. 7

Cont'l Cas. Co. v. Robsac Indus.,
  947 F.2d 1367 (9th Cir. 1991) ....................................................... 16, 18

DeFeo v. Procter & Gamble Co.,
  831 F. Supp. 776 (N.D. Cal. 1993) ..................................................... 19

Durning v. First Boston Corp.,
  815 F.2d 1265 (9th Cir. 1987) ............................................................... 6

Farmers Ins. Exch. v. Super. Ct.,
  2 Cal. 4th 377 (1992) ............................................................................ 7

First Fishery Dev. Serv. v. Lane Labs USA,
  1997 U.S. Dist. LEXIS 11231 (S.D. Cal. July 21, 1997) .................... 19

iii

**TABLE OF AUTHORITIES**
*(cont.)*

**Pages**

Garrison v. Oracle Corp.,
    2016 U.S. Dist. LEXIS 13118 (N.D. Cal. Feb. 2, 2016)....................................15

Golden Eagle Ins. Co. v. Travelers Cos.,
    103 F.3d 750 (9th Cir. 1996) .............................................................................18

Google, Inc. v. Microsoft Corp.,
    415 F. Supp. 2d 1018 (N.D. Cal. 2005)..............................................................22

Gov't Empls. Ins. Co. v. Dizol,
    133 F.3d 1220 (9th Cir. 1998).......................................................................17, 18

Great Am. Ins. Co. v. Hous. Gen. Ins. Co.,
    735 F. Supp. 581 (S.D.N.Y. 1990)......................................................................19

Gribin v. Hammer Galleries,
    793 F. Supp. 233 (C.D. Cal. 1992)......................................................................17

Harrison v. Synthes USA Sales, LLC,
    2013 U.S. Dist. LEXIS 35020 (E.D. Cal. Mar. 12, 2013)...................................22

Hensley v. U.S.,
    No. 2008 U.S. Dist. LEXIS 11965 (E.D. Cal. Feb. 15, 2008) ..............................6

Jarrow Formulas, Inc. v. Nutrition Now, Inc.,
    304 F.3d 829 (9th Cir. 2002) .........................................................................11, 12

Knapp v. Depuy Synthes Sales, Inc.,
    983 F. Supp. 2d 1171 (E.D. Cal. 2013).......................................................*passim*

Korea Supply Co. v. Lockheed Martin Corp.,
    29 Cal. 4th 1134 (2003)................................................................................12, 13

Kwikset Corp. v. Super. Ct.,
    51 Cal. 4th 310 (2011)..........................................................................................8

Landis v. North Am. Co.,
    299 U.S. 248 (1936) ............................................................................................25

Leyva v. Certified Grocers of California, Ltd.,
    593 F.2d 857 (9th Cir. 1979)...............................................................................25

**TABLE OF AUTHORITIES**
*(cont.)*

**Pages**

Lockyer v. Mirant Corp.,
  398 F.3d 1098 (9th Cir. 2005) ............................................................... 25

MGIC Indem. Corp. v. Weisman,
  803 F.2d 500 (9th Cir. 1986) ................................................................. 6

Nat'l Union Fire Ins. Co. v. Payless Shoesource, Inc.,
  2012 U.S. Dist. LEXIS 112346 (N.D. Cal. Aug. 9, 2012) ................................... 21

Neel v. Magana, Olney, Levy, Cathcart & Gelfand,
  6 Cal. 3d 176 (1971) ........................................................................ 10

North Am. Chem. Co. v. Super. Ct.,
  59 Cal. App. 4th 764 (1997) ................................................................ 13

Pooshs v. Philip Morris USA, Inc.,
  51 Cal. 4th 788 (2011) ...................................................................... 10

Qualcomm, Inc. v. GTE Wireless, Inc.,
  79 F. Supp. 2d 1177 (S.D. Cal. 1999) ...................................................... 17

Reeves v. Hanlon,
  33 Cal. 4th 1140 (2004) ..................................................................... 14

Ryan v. Microsoft Corp.,
  2015 U.S. Dist. LEXIS 47753 (N.D. Cal. Apr. 10, 2015) ............................... 11, 16

Saul Zaentz Co. v. Wozniak Travel, Inc.,
  627 F. Supp. 2d 1096 (N.D. Cal. 2008) ................................................ 12, 16

Saunders v. Super. Ct.,
  27 Cal. App. 4th 832 (1994) ................................................................ 7, 9

Schmitt v. JD Edwards World Solutions Co.,
  2001 U.S. Dist. LEXIS 7089 (N.D. Cal. May 18, 2001) ......................... 17, 19, 20

Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.,
  245 F.2d 67 (9th Cir. 1956) ................................................................. 6

Silberg v. Anderson,
  50 Cal. 3d 205 (1990) ................................................................. *passim*

1

**TABLE OF AUTHORITIES**
*(cont.)*

2                                                                               <u>**Pages**</u>

3   <u>Sumner Peck Ranch v. Bureau of Reclamation,</u>
4       823 F. Supp. 715 (E.D. Cal. 1993) ...................................................... 6, 9

5   <u>Tejada v. Deutsche Bank Nat'l Trust Co.,</u>
6       2011 U.S. Dist. LEXIS 83000 (D. Haw. July 27, 2011) ...................................... 25

7   <u>TEKSystems, Inc. v. Bolton,</u>
        2010 U.S. Dist. LEXIS 9651 (D. Md. Feb. 4, 2010) ............................................ 7
8

9   <u>Tillamook Cntry. Smoker, Inc. v. Tillamook Cnty. Creamery Assoc.,</u>
        465 F.3d 1102 (9th Cir. 2006) ............................................................ 11
10

11  <u>Vasili v. ART Corporate Solutions, Inc.,</u>
        2015 U.S. Dist. LEXIS 90086 (C.D. Cal. July 10, 2015) ...................................... 7

12  <u>Von Saher v. Norton Simon Mus. of Art at Pasadena,</u>
13      592 F.3d 954 (9th Cir. 2010) ............................................................ 10

14  <u>Williams v. Gerber Prods. Co.,</u>
15      552 F.3d 934 (9th Cir. 2008) ............................................................. 6

16  <u>Wilson & Wilson v. City Council of Redwood City,</u>
17      191 Cal. App. 4th 1559 (2011) .......................................................... 15

18  <u>Wilton v. Seven Falls Co.,</u>
        515 U.S. 277 (1995) ................................................................... 16, 17
19

20  <u>Zanze v. Snelling Servs., LLC,</u>
        412 Fed. Appx. 994 (9th Cir. 2011) ..................................................... 11, 16
21

22

**STATUTES**

23  Fed. R. Civ. P.
24      12(b)(6) ............................................................................... 6

25  28 U.S.C. § 2201(a) ...................................................................... 16
26

27  Cal. Bus. & Prof. Code.
        §§ 17200 *et seq.* .................................................................... 6, 20
28

# TABLE OF AUTHORITIES
### (*cont.*)

**Pages**

§ 17204 ............................................................................................. 8

§ 17208 ........................................................................................... 10

Cal. Civ. Code § 47................................................................... *passim*

Cal. Code Civ. Proc. § 312 ............................................................ 10

# I.    INTRODUCTION

On January 7, 2016, without warning, plaintiff Michael Bartley ("Bartley") resigned unexpectedly from his position as President of West Coast Operations of defendant Display Works, LLC ("Display Works").  He later resigned from its *de facto* Exhibit Board of Directors on January 11, 2016.  Bartley immediately went to work for Display Works' direct competitor, plaintiff Derse, Inc. ("Derse"), and began using Display Works' confidential and trade secret information to solicit and steal Display Works' customers and employees, in direct violation of a non-solicitation agreement entered into by Bartley with Display Works in 2008 (the "Non-Solicitation Agreement").  Within a couple hours of Bartley's submitting his resignation letter and prior to the deadline he gave in his resignation letter for Display Works to inform him whether it was going to hold him to his obligations under the Non-Solicitation Agreement, Bartley raced into court and filed (but did not serve) the complaint initiating this action.

Faced with evidence of Bartley's solicitation of customers and employees while working for Derse, on February 2, 2016, having not been served with Bartley's complaint, Display Works filed a Complaint in the District of New Jersey (the "New Jersey Action"), alleging ten causes of action arising from Bartley's egregious breaches of contract and fiduciary duty, and Bartley's and Derse's other torts.  Thereafter, Bartley filed a First Amended Complaint ("FAC") in this action, joining Derse as a plaintiff, seeking declaratory judgment regarding the enforceability of the Non-Solicitation Agreement and two other claims arising out of Display Works' enforcement of that agreement in the New Jersey Action.

Each of the three causes of action in the FAC fails to state a claim upon which relief can be granted.  Plaintiffs' claim under the Unfair Competition Law ("UCL") fails because neither Plaintiff alleges any unfair or unlawful activity, and neither alleges any injury in fact.  Bartley's UCL claim also is barred by the statute of limitations and laches; all of the harm he alleges accrued in 2008.  Plaintiffs'

tortious interference claim fails to allege any actionable interference by Display Works with any probable economic advantage of which Display Works was aware, or any independently wrongful act.  Both the UCL and tortious interference claims also are barred in that they rely predominantly on Display Works' enforcement of the Non-Solicitation Agreement in the New Jersey Action, claims that are barred under the litigation privilege.  Finally, Derse's claim for declaratory relief fails because Derse's contention that the Non-Solicitation Agreement somehow restricts its rights is directly contradicted by the terms of the agreement itself, which is attached as an exhibit to the FAC, and to which Derse is not a party.  There simply is no agreement between Derse and Display Works barring Derse from doing ***anything***, and thus there is no actual controversy regarding Derse's and Display Works' respective rights or obligations under the Non-Solicitation Agreement. Bartley's declaratory relief claim is barred by the statute of limitations and laches, as Bartley admits he was aware of the purported unenforceability of the Non-Solicitation Agreement when he signed it in 2008, but failed to act.

Even assuming *arguendo* any of Plaintiffs' claims could survive under Rule 12(b)(6), they still should be dismissed pursuant to the Court's discretion under the Declaratory Judgment Act to decline to assert jurisdiction over an anticipatory declaratory relief action where, as here, similar claims are pending in the natural plaintiff's home jurisdiction. On February 10, 2016, the Hon. Judge Madeline Cox Arleo issued a TRO in the New Jersey Action, enforcing the Non-Solicitation Agreement.  On February 26, 2016, Judge Arleo affirmed the Maryland choice of law provision in Bartley's employment agreement is enforceable and extended the TRO pending a continuation of the preliminary injunction hearing, which took place on March 17, 2016.  At the March 17, 2016 hearing, Judge Arleo indicated that she would be extending the restraints on Bartley.

All three of the relevant Brillhart factors weigh decisively in favor of the Court exercising its discretion to dismiss the FAC, deferring to the New Jersey

Action: (1) Bartley engaged in blatant forum shopping, racing to court in a transparent attempt to preempt Display Works' natural choice of forum (including by preemptively filing this action within a couple of hours of his resignation); (2) given the more advanced status of the New Jersey Action – which already has progressed well beyond this action, and will settle not only the enforceability of the Non-Solicitation Agreement, but also Display Works' nine other claims against Bartley – the continued prosecution of this action will result in substantial waste of judicial resources; and (3) denial of this motion will result in needless and duplicative consideration of state law issues already being resolved in the New Jersey Action.  For all of those reasons, the Court should dismiss the FAC.

At minimum, to the extent any claim survives and the Court is inclined not to dismiss in favor of the New Jersey Action, the Court should stay this action until the Third Circuit resolves what Judge Arleo referred to as a "close call" on whether the New Jersey court has personal jurisdiction over Derse.

## II.   RELEVANT FACTS AND PROCEDURAL HISTORY

### A.   Summary of Relevant Facts

Display Works designs and manufactures physical display exhibits, which it sells to customers and clients for use at trade shows and other business marketing events throughout the United States and the world, along with other services.  See First Amended Complaint ("FAC") (ECF 10), ¶ 8; N.J. Cmplt.[1], ¶ 1.

Bartley began work for Display Works' predecessor in 2006.  FAC, ¶ 9; Feb. 18, 2016 Declaration of Michael Bartley ("Bartley Decl.") (ECF 12-2), ¶¶ 2-3; Bolduc Decl.[2], ¶ 3.  In January 2008, Bartley negotiated and signed an employment agreement, effective February 1, 2008 (the "Employment Agreement"), with James

---

[1] The Verified Complaint in the New Jersey Action is attached as Ex. A to the Feb. 19, 2016 Declaration of Scott Commerson (ECF 12-6) ("Commerson Decl.").

[2] The February 23, 2016 Declaration of James Bolduc ("Bolduc Decl.") filed in the New Jersey Action is attached as Exhibit 2 to the February 24, 2016 Declaration of Samantha Grant (ECF 17-1) ("Grant Decl.").

Bolduc, the Vice President of the newly-formed Display Works, LLC, a Maryland limited liability company (*i.e.*, defendant Display Works).  Bolduc Decl., ¶¶ 6-8; Bartley Decl., Ex. B.  Attachment A to the Employment Agreement is an agreement setting forth certain non-solicitation obligations during and after Bartley's employment ("the Non-Solicitation Agreement").  FAC, Ex. A.  Paragraph 1 of the Non-Solicitation Agreement provides that, during and for six (6) months after Bartley's employment, he may not, *inter alia*, solicit Display Works' employees or customers (the "Non-Solicitation Provisions").  See FAC, Ex. A, ¶ 1.  The Employment Agreement includes a Maryland choice of law provision.  Bartley Decl., Ex. B, ¶ 13.  Bartley signed the Non-Solicitation Agreement despite his belief that the Non-Solicitation Provisions were illegal under California law.  FAC, ¶ 14.

Bartley ultimately rose to the position of President of west coast operations and member of the *de facto* Exhibit Board of Directors for Display Works.  N.J. Cmplt., ¶¶ 6, 13, 18-19.  During the course of his employment, Bartley was entrusted with sensitive and confidential information as to all aspects of Display Works' business, and had unfettered access to Display Works' confidential trade secret information, comprised of extensive databases including multiple different types of customer and other data.  Id., ¶¶ 18-20, 23, 27, 30(a)-(i).

Bartley resigned unexpectedly from Display Works on January 7, 2016.  FAC, ¶ 34; N.J. Cmplt., ¶ 37.  Almost immediately after he resigned, Bartley went to work for Derse and began using trade secret and other confidential information to solicit Display Works' customers and employees.  FAC, ¶ 35; N.J. Cmplt., ¶¶ 41-46.

### B.   <u>Procedural History</u>

In his January 7 resignation email and letter, Bartley opined that he thought the Non-Solicitation Agreement was unlawful and demanded a response by 3:00 p.m. as to whether Display Works would enforce that agreement.  See Feb. 9, 2016 Affidavit of Laura C. Hess (ECF 12-4) ("Hess Aff."), Ex. A.  Bartley, however, already had ***preemptively*** filed his Complaint in California Superior Court for the

1  County of Orange around noon that day – well *before* the 3:00 pm deadline.  ECF 1-
2  1.  Derse was not a party to that pleading.  Id.

3       Bartley then did nothing.  For weeks, he did not even serve his Complaint.
4  See Grant Decl., ¶¶ 4, 7.  Thus, on February 2, 2016, having not been served with
5  any complaint by Bartley, but aware of Bartley's egregious breaches of contract and
6  fiduciary duty, and other torts, Display Works filed a Complaint in the District of
7  New Jersey, Case No. 2:16-cf-00583 (the "New Jersey Action"), alleging ten causes
8  of action.[3]  N.J. Cmplt, *passim*.  Only then did Bartley finally serve his Complaint,
9  on February 5, 2016.  Grant Decl., ¶ 4.

10      On February 10, 2016, the Hon. Judge Madeline Cox Arleo issued a TRO in
11 the New Jersey Action, largely tracking and enforcing the Non-Solicitation
12 Provisions (she later issued an Order clarifying the February 10 TRO).  Grant Decl.,
13 ¶¶ 5-6; Commerson Decl., Exs. B-C.  Only thereafter, on February 19, 2016, did
14 Bartley file his First Amended Complaint ("FAC") in this action, adding Derse as a
15 plaintiff for the first time.  ECF 10.

16      On March 17, 2016, Judge Arleo held a further hearing on the enforceability
17 of the Non-Solicitation Provisions, at which she held that the New Jersey court had
18 personal jurisdiction over Bartley, and indicated she was extending the restraints
19 barring Bartley from violating the Non-Solicitation Provisions.  On March 21, 2016,
20 the court issued a formal written order ordering that the TRO restraining Bartley
21 would remain in effect.  Request for Judicial Notice ("RJN"), Ex. K.[4]

22 _____

23 [3] The headquarters of Display Works had moved to New Jersey in or around March
   2014.  Display Works did business in and had employees in New Jersey, and
24 Bartley sat on the Board and otherwise participated in or led national efforts of this
   New Jersey-based company.  See, e.g., ECF 60-3, 60-5, 60-6 in N.J. Action (RJN,
25 Exs. H, I, J).

26 [4] The New Jersey court's March 21, 2016 order also ordered "that the restraints on
   Defendant Derse, Inc. are dissolved due to lack of personal jurisdiction" and
27 indicated that the court would issue a forthcoming opinion expounding upon its
   reasoning.  RJN, Ex. K.  Once the court issues that opinion, as discussed further
28 below, Display Works will formally request – and expects the New Jersey court to
   grant – certification of that decision to the Third Circuit, where the unsettled issues
                                                                    (…continued)

## III.   PLAINTIFFS FAIL TO STATE ANY CLAIM UPON WHICH RELIEF MAY BE GRANTED AND THE FAC SHOULD BE DISMISSED

To survive dismissal, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Fed. R. Civ. P. 12(b)(6).  "'Factual allegations must be enough to raise a right to relief above the speculative level.'"  Williams v. Gerber Prods. Co., 552 F.3d 934, 938 (9th Cir. 2008) (quoting Twombly, 550 U.S. at 555).  Mere conclusory allegations may be disregarded, and the court is ***not*** bound to accept as true allegations that are legal conclusions, even if phrased in the form of factual allegations.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1951 (2009).

In addition, a "court may ***disregard*** allegations in the complaint if contradicted by facts established by exhibits attached to the complaint."  Sumner Peck Ranch v. Bureau of Reclamation, 823 F. Supp. 715, 720 (E.D. Cal. 1993) (citing Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987)).[5]  On a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings, including its own files and documents filed in other courts.  MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986); Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd., 245 F.2d 67, 70 (9th Cir. 1956); Hensley v. U.S., No. 2008 U.S. Dist. LEXIS 11965, at *5 (E.D. Cal. Feb. 15, 2008).

Each of Plaintiffs' three claims fails to state a claim upon which relief may be granted and, therefore, each claim in the FAC should be dismissed.

### A.   Plaintiffs Fail to State a Claim Under the UCL

California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq*. ("UCL"), "establishes three varieties of unfair competition – acts or practices which are unlawful, or unfair, or fraudulent."  Cel-Tech Communs., Inc. v. Los Angeles

_____

(...continued)
of personal jurisdiction raised in the parties' papers can be decided, and the finding regarding lack of jurisdiction over Derse potentially overturned.

[5] All ***bold, italic emphases*** herein are added.

1  Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999).  Plaintiffs allege purportedly "unfair"

2  and "unlawful" acts by Display Works.  FAC ¶¶ 39-41.  Both Plaintiffs' claims fail.

### 1.      Derse Fails to State a UCL Claim Under Either Prong

4           In competitor cases (such as Derse's UCL claim), a business practice is

5  "unfair" *only* if it "threatens an incipient violation of an antitrust law, or violates the

6  policy or spirit of one of those laws because its effects are comparable to or the same

7  as a violation of the law, or otherwise significantly threatens or harms competition."

8  Cel-Tech, 20 Cal. 4th at 187.  If "the conduct is deemed reasonable and condoned

9  under the antitrust laws," there is no violation of the UCL.  Chavez v. Whirlpool

10  Corp., 93 Cal. App. 4th 363, 375 (2001).  Derse has not pled – and cannot plead –

11  that any act by Display Works violates the policy or spirit of an antitrust law.  See

12  Vasili v. ART Corporate Solutions, Inc., 2015 U.S. Dist. LEXIS 90086, at *33 (C.D.

13  Cal. July 10, 2015).  Thus, Derse cannot plead a claim under the unfair prong.

14           To allege a claim under the "unlawful" prong, a plaintiff must show a

15  violation of some independent law.  Farmers Ins. Exch. v. Super. Ct., 2 Cal. 4th 377,

16  383 (1992).  A failure to state a claim under the underlying law translates to a failure

17  to state a claim under the unlawful prong.  See Saunders v. Super. Ct., 27 Cal. App.

18  4th 832, 838 (1994).  Judge Arleo already has found that Maryland law applies to

19  the Non-Solicitation Provisions, which are ***enforceable*** under Maryland law.[6]  See

20  RJN, Ex. K; see also TEKSystems, Inc. v. Bolton, 2010 U.S. Dist. LEXIS 9651, at

21  *14 (D. Md. Feb. 4, 2010); Defendant's Opp. to Plaintiffs' *ex parte* TRO (ECF 17),

22  Part V.B.2, at pp. 18-21 (explaining in detail why the Maryland choice of law

23  provision is enforceable, and citing additional authority for the enforceability of the

24  Non-Solicitation Provisions under Maryland law).  Nor has Derse pled any other

25  violation of a law that could give rise to a claim under the unlawful prong.  Thus,

26

27  [6] Even assuming *arguendo* California law were to apply (it does not), the Non-Solicitation Provisions **still** should be enforceable and, therefore, not "unfair" under the UCL.  See ECF 17, Part V.B.3, at pp. 21-23.

28

Mitchell
Silberberg &
Knupp LLP

7529543.1

7

1  Derse has pled no unlawful behavior.

2       Derse also fails to plead an injury in fact.  No private party has standing to

3  prosecute a UCL action unless it "has suffered injury in fact and has lost money or

4  property as a result of the unfair competition."  Bus & Prof. Code § 17204.  "To

5  satisfy the narrower standing requirements imposed by Proposition 64, a party must

6  now … establish a *loss or deprivation of money or property* sufficient to qualify as

7  an injury in fact, *i.e.*, economic injury…."  <u>Kwikset Corp. v. Super. Ct.</u>, 51 Cal. 4th

8  310, 322 (2011).  Derse claims that it has been "*prohibited* from soliciting publicly

9  known clients" of Display Works and "*risks liability* by doing business with former

10  or current clients of Display Works…."  FAC ¶ 42.  But this is merely a veiled

11  reference to the New Jersey court's TRO, which is what "prohibited" Derse from

12  soliciting Display Works' clients and what caused Derse to "risk liability" for doing

13  so.  Such claims are barred by the litigation privilege.   <u>See</u> Cal. Civ. Code § 47

14  (actions in any "judicial proceeding" subject to litigation privilege); <u>see also</u> <u>Silberg</u>

15  <u>v. Anderson</u>, 50 Cal. 3d 205, 212 (1990) (absolute litigation privilege "applies to any

16  publication required or permitted by law in the course of a judicial proceeding to

17  achieve the objects of the litigation").  Thus, Derse's UCL claim is barred.

18       Derse also claims that the Non-Solicitation Provisions somehow give Display

19  Works "an unfair competitive advantage, insofar as its employees are subject to

20  restraints on trade…."  FAC ¶ 42.  But, "in order to satisfy the Proposition 64

21  standing requirements, a party must establish an economic injury *and* "show that

22  that economic injury was the result of, *i.e.*, caused by, the unfair business practice …

23  that is the gravamen of the claim."  <u>Kwikset Corp.</u>, 51 Cal. 4th at 322.  Derse has

24  pled neither any concrete economic injury nor any facts establishing that such injury

25  resulted from Display Work' Non-Solicitation Agreement.  This is a mere

26  conclusory statement unsupported (and unsupportable) by any facts, and should be

27  disregarded.  <u>Iqbal</u>, 129 S. Ct. at 1951.

28

### 2.     Bartley Fails to State a UCL Claim Under Either Prong

Bartley cannot show a violation of the unfair prong.  "Unfair" means "any practice whose harm to the victim outweighs its benefits."  Saunders, 27 Cal. App. 4th at 839 (internal citations omitted).  Here, Maryland law applies to the Agreement, and employee and customer non-solicitation provisions are *not* unlawful under Maryland law, as confirmed by Judge Arleo in the New Jersey Action (and the Non-Solicitation Provisions should be enforced under California law, as well).  See *supra*, Part III.A.1.  Bartley has not pled – and cannot plead – that contract provisions currently being specifically enforced by a TRO are "unfair" under the UCL.[7]  For the same reasons, enforcement of the Non-Solicitation Provisions by the court in New Jersey is not "unlawful."

Bartley also fails to plead any injury in fact.  Bartley alleges that he "has lost money and/or property as a result of" the Non-Solicitation Agreement.  FAC ¶ 43.  But this is a conclusory statement belied by other express allegations of the FAC, including the agreement itself.  The Non-Solicitation Agreement does *not* contain a non-compete provision, and Bartley does not allege – and cannot allege – that Display Works has in any way attempted to stop Bartley from being employed by Derse.  To the contrary, Bartley concedes that he resigned from Display Works and now "***has obtained new employment*** in the live marketing industry/creating interactive trade show and other business exhibits/displays with one of Display Works' competitors, Derse."  Id. ¶ 35.  Bartley has not alleged – and cannot allege – that he has lost a single dollar (or any other property) as a result of the Non-Solicitation Provisions he has so brazenly violated.  Thus, the allegation in ¶ 43 does not sufficiently allege injury in fact.  See Sumner Peck Ranch, 823 F. Supp. at 720 (court may disregard allegations contradicted by facts established elsewhere in the

---

[7] Moreover, to the extent that Bartley alleges that the "unfair" conduct is Display Works' enforcement of the Non-Solicitation Agreement – *i.e.*, its filing of the New Jersey Action (the only act it has taken to enforce that agreement) – such a claim is barred by the litigation privilege.  Cal. Civ. Code § 47; Silberg, 50 Cal. 3d at, 212 .

Mitchell Silberberg & Knupp LLP

7529543.1

9

DISPLAY WORKS' MOTION TO DISMISS, OR IN THE ALTERNATIVE STAY, PLAINTIFFS' FAC

1   complaint).  Bartley also alleges that he "has been required to expend his time,

2   money and other resources to prevent Display Works from enforcing these unlawful

3   provisions against him…." FAC ¶ 43.  But this plainly refers to his efforts to defeat

4   Display Works' claims in the New Jersey Action – *i.e.*, this allegation relates to

5   petitioning litigation activity.  Such a claim is barred by the litigation privilege, and

6   cannot support a claim of injury in fact.  Civ. Code § 47; <u>Silberg</u>, 50 Cal. 3d at 212.[8]

7                            a.      **Bartley's Claim is Barred by the Statute of Limitations**[9]

8          Claims under the UCL are subject to a four year statute of limitations that

9   begins to run on the date the cause of action accrues.  Bus & Prof. Code § 17208.

10   The limitations period runs from the moment a claim accrues.  Code Civ. Proc. §

11   312.  A "cause of action accrues 'when [it] is complete with all of its elements' –

12   those elements being wrongdoing, harm, and causation." <u>Pooshs v. Philip Morris</u>

13   <u>USA, Inc.</u>, 51 Cal. 4th 788, 797 (2011); <u>accord</u> <u>Neel v. Magana, Olney, Levy,</u>

14   <u>Cathcart & Gelfand</u>, 6 Cal. 3d 176, 187 (1971) (describing "last element" accrual

15   rule).  "[T]he UCL is governed by common law accrual rules to the same extent as

16   any other statute." <u>Aryeh v. Canon Bus. Sols., Inc.</u>, 55 Cal. 4th 1185, 1196 (2013).

17          Here, Bartley executed the Non-Solicitation Agreement on January 16, 2008.

18   FAC ¶ 13, Ex. A.  At that time, his claim for unfair competition accrued.  Bartley

19   claims that "Display Works' ***use*** of the Agreement" and "***use*** of an invalid choice of

20   law provision" have damaged him.  <u>Id.</u> ¶¶ 39-40.  Both such "uses" began – with

21   respect to Bartley – in January 2008.  Bartley then alleges that Display Works'

22   actions "provide Display Works with an unlawful and unfair advantage in the

23   California marketplace…." <u>Id.</u> ¶ 41.  That purported "unfair advantage" accrued in

24   January 2008 when Bartley signed the Non-Solicitation Agreement.  Finally, Bartley

25   _____

26   [8] Bartley also claims that his "market value is diminished by the unlawful restrictions
     in the Agreement" (FAC ¶ 43) but this is a conclusory statement that can and should
     be ignored on a motion to dismiss and is belied by Bartley's concession that he left
27   Display Works directly to move to a new job at its competitor, Derse.

     [9] A statute of limitations defense may be raised by a motion to dismiss.  <u>Von Saher</u>
28   <u>v. Norton Simon Mus. of Art at Pasadena</u>, 592 F.3d 954, 969 (9th Cir. 2010).

1   alleges that he has "lost money and/or property" because his "market value is

2   diminished by the unlawful restrictions in the Agreement…." Id. ¶ 42. Again, this

3   purported loss of market value occurred when Bartley signed the agreement. Thus,

4   all elements of his UCL claim had occurred, and the claim accrued, by January 2008.

5   See Zanze v. Snelling Servs., LLC, 412 Fed. Appx. 994, 996 (9th Cir. 2011)

6   (affirming dismissal of UCL claim challenging non-compete agreement where

7   brought outside four-year limitations period); Ryan v. Microsoft Corp., 2015 U.S.

8   Dist. LEXIS 47753, at *53-54 (N.D. Cal. Apr. 10, 2015) (dismissing claims under

9   UCL and § 16600; "Plaintiffs' claims began to accrue in 2007, when Microsoft

10  allegedly injured Plaintiffs by entering into anticompetitive conspiracies that had the

11  effect of suppressing Plaintiffs' wages and restricting their mobility."). Because

12  both of these claims accrued in January 2008, and Bartley failed to file a complaint

13  asserting such claims until January 7, 2016 – eight years later – both claims are time-

14  barred, and should be dismissed.

15  **b.     Bartley's UCL Claim Also Is Barred by Laches**

16      "Laches is an equitable time limitation on a party's right to bring suit resting

17  on the maxim that one who seeks the help of a court of equity must not sleep on his

18  rights." Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 835 (9th Cir.

19  2002). Laches requires a showing that: (1) delay in filing suit was unreasonable,

20  and (2) defendant would suffer prejudice caused by the delay if the suit were to

21  continue. Id. at 838. The clock runs "from the time the plaintiff knew or should

22  have known about its potential cause of action." Tillamook Cntry. Smoker, Inc. v.

23  Tillamook Cnty. Creamery Assoc., 465 F.3d 1102 (9th Cir. 2006).

24      Here, Bartley clearly knew that he had a potential cause of action regarding

25  the purportedly "unlawful" or "unfair" nature of the Non-Solicitation Provisions at

26  the time he signed the Agreement in January 2008. See FAC ¶ 14 (admitting that,

27  at the time he signed, he "suspected, but did not know, that the Agreement was

28  illegal under California law"). But rather than raise such claims at that point,

Mitchell
Silberberg &
Knupp LLP

7529543.1

11

1   Bartley instead chose to sleep on his alleged rights, receiving the benefit of the

2   bargain of his employment agreement, including years' worth of a high executive's

3   salary, bringing his claims only after he chose to abandon Display Works,

4   unannounced, for its competitor.  Such actions are the epitome of an unreasonable

5   delay, and have prejudiced and will further prejudice Display Works if Bartley's

6   claims are allowed to proceed.  See Jarrow, 304 F.3d at 838-40 (affirming grant of

7   summary judgment on the basis of laches as to, *inter alia*, unfair competition

8   claim); Saul Zaentz Co. v. Wozniak Travel, Inc., 627 F. Supp. 2d 1096, 1109 (N.D.

9   Cal. 2008) (granting defendant summary judgment on the basis of laches).

10          **B.      Plaintiffs Fail to Plead Tortious Interference**

11          Plaintiffs also plead a blunderbuss and confusing claim of tortious interference

12   with prospective economic advantage.  See FAC ¶¶ 45-53.  This claim fails.

13          To establish such a claim, Plaintiffs have the burden to prove: (1) an economic

14   relationship between a plaintiff and a third party, with the ***probability*** of future

15   economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship;

16   (3) an intentional act by defendant, designed to disrupt the relationship; (4) actual

17   disruption of the relationship; and (5) economic harm to the plaintiff proximately

18   caused by the defendant's wrongful act.  Korea Supply Co. v. Lockheed Martin

19   Corp., 29 Cal. 4th 1134, 1153-54 (2003).  In addition, "[t]he intentional act must be

20   'independently wrongful,' *i.e.*, wrongful by some measure beyond the fact of the

21   interference itself."  Edwards v. Arthur Andersen LLP, 142 Cal. App. 4th 603, 613

22   (2006).  Plaintiffs have not pled – and cannot plead – these elements.

23          **1.      This Claim Fails as to Relationships With Third Parties**

24          Plaintiffs attempt to plead interference with prospective relationships

25   between Derse and Bartley, on the one hand, and Display Works' employees or

26   customers, on the other.  See FAC ¶¶ 48-50 (purported interference with Plaintiffs'

27   ability to solicit "former clients of Display Works," "current or former employees

28   of Display Works," and "other prospective employees").  This claim fails.

First, Plaintiffs fail to plead any economic relationship with the ***probability of future economic benefit***. Absent is any allegation that any single customer or employee would "probably" have come to work with Bartley or for Derse but for the Non-Solicitation Provisions. See North Am. Chem. Co. v. Super. Ct., 59 Cal. App. 4th 764, 786 (1997) (this claim requires "proof that it is ***reasonably probable*** that the lost economic advantage would have been realized but for the defendant's interference"). Second, Plaintiffs did not – and cannot – plead that Display Works was ***aware*** of any such probable relationship. Cf. FAC ¶ 47 (alleging only that Display Works purportedly is aware of the relationship between Derse and Bartley). Display Works has no idea which other of its customers or employees Derse has attempted to poach, and is not aware of any such "probable" relationship.

Plaintiffs also fail to allege any actionable intentional act by Display Works, designed to disrupt any purported relationship between either of Plaintiffs and any such third party. Plaintiffs simply allege that Display Works has "attempt[ed] to or threaten[ed] to attempt to enforce illegal restrictive covenants," but not that such enforcement was ***intended to interfere*** with any particular prospective agreement to be entered into by either Plaintiff. Moreover, the only manner in which Display Works has "enforced" those provisions is through the New Jersey Action, and such a claim is barred by the litigation privilege. Civ. Code § 47.[10]

Finally, Plaintiffs fail to plead any independently wrongful act. The Non-Solicitation Provisions are enforceable and lawful – as confirmed by the New Jersey court – and thus their enforcement is not a wrongful act. Moreover, the enforcement of those provisions through the New Jersey Action cannot be a "wrongful act," since such a claim is barred by the litigation privilege.

---

[10] The only other intentional act by Display Works alleged is its having entered into the Non-Solicitation Agreement in 2008. But, of course, that could not have been intended to interfere with any prospective relationship between Derse or Bartley and any third party, which did not arise until ***eight years later***. See Korea Supply Co., 29 Cal. 4th at 1153-54 (intentional act must be intended, at the time made, to disrupt the economic relationship at issue).

### 2.    This Claim Fails as to the Derse-Bartley Relationship

Plaintiffs also plead intentional interference with the "future probability that Derse and [] Bartley will benefit economically from each other."  FAC ¶ 46-50.

Plaintiffs fail to plead any intent by Display Works to interfere with this relationship.  The only intent alleged is "the intent of preventing Mr. Bartley from pursuing gainful employment in his chosen filed in California."  FAC ¶ 50.  That allegation is contradicted by the terms of the Non-Solicitation Agreement itself, which does not contain any non-compete provision, and therefore does not bar Bartley from pursuing any employment with any employer.  See FAC, Ex. A.  And that still does not allege intent to interfere with his specific employment with Derse.

Plaintiffs also fail to allege any actionable intentional act by Display Works, designed to disrupt Bartley's employment relationship with Derse.  All Display Works has done is: (1) enter into the Non-Solicitation Agreement in 2008; and (2) enforce that agreement by filing the New Jersey Action in 2016.  Signing the agreement in 2008 could not possibly have been intended to interfere with an employment relationship between Derse and Bartley that did not arise until eight years later and Display Works' efforts to enforce the agreement in the New Jersey Action are absolutely privileged.  Civ. Code § 47; Silberg, 50 Cal. 3d at 212.  Thus, Plaintiffs can plead no actionable intentional act by Display Works.

Nor have Plaintiffs alleged any independently wrongful act.  See Reeves v. Hanlon, 33 Cal. 4th 1140, 1152 (2004) ("to recover for a defendant's interference with an at-will employment relation, a plaintiff must plead and prove that the defendant engaged in an independently wrongful act").  Judge Arleo already has entered (and recently extended) a TRO enforcing the Non-Solicitation Provisions.  Plaintiffs cannot plead that enforcement of provisions already held enforceable by the court hearing the relevant claims somehow is independently wrongful.

### C.    Plaintiffs' Declaratory Judgment Claim Fails

Plaintiffs' claim for declaratory judgment (and the derivative tort claims)

should be dismissed for the reasons stated *infra*, Part IV, under the Declaratory Judgment Act.  This claim also should be dismissed for two additional reasons.

### 1.     Derse Fails to State a Claim for Declaratory Relief

Derse fails to state a claim for declaratory judgment because there is no "actual controversy involving justiciable questions relating to [Derse's and Display Works'] rights or obligations…."  Wilson & Wilson v. City Council of Redwood City, 191 Cal. App. 4th 1559, 1582 (2011) (quotation marks and citation omitted).

The declaratory relief claim alleges that "[a]n actual, present, and justiciable controversy has arisen and now exists between Plaintiffs and Display Works concerning the enforceability of the non-competition [sic], customer non-solicitation, 'no-hire,' non-disclosure, and choice of law provisions in the Agreement."  FAC ¶ 55.  "Derse contends that these provisions restrict its right to solicit and hire employees and to solicit and do business with prospective clients…."  Id. ¶ 57.  But, on its face, the Non-Solicitation Agreement does no such thing; it was entered into between Display Works and ***Bartley***.  Derse, by contrast, is ***not*** a party to that agreement, and is not alleged to have any contractual relationship with Display Works whereby it agreed not to solicit Display Works employees or customers.  Thus, for example, Display Works' claim for breach of contract in the New Jersey Action is only against Bartley.  N.J. Cmplt., ¶¶ 55-60.  There is no other agreement between Derse and Display Works (alleged in the FAC or otherwise) that bars Derse from competing for Display Works' customers or employees.  Thus, Derse fails to allege any "justiciable questions relating to its rights or obligations" under any agreement and its declaratory relief claim must be dismissed.

### 2.     Bartley's Declaratory Judgment Claim is Barred By the Statute of Limitations and Laches

California Code of Civil Procedure Section 343's four year catch-all statute applies to a declaratory relief claim attacking the enforceability of a non-solicitation agreement under Section 16600.  See Garrison v. Oracle Corp., 2016

U.S. Dist. LEXIS 13118, at *34 (N.D. Cal. Feb. 2, 2016).  Bartley's declaratory relief claim alleges a controversy regarding the enforceability of the Non-Solicitation Provisions.  See FAC ¶¶ 54-56.  This claim accrued in January 2008 when Bartley signed the Agreement, and the enforceability of the Non-Solicitation Provisions was then at issue.  Indeed, Bartley concedes that, *at that time*, he "suspected, but did not know, that the Agreement was illegal under California law."  FAC ¶ 14.  Yet Bartley waited almost eight years to file this claim, and it therefore is barred by the statute of limitations.  See Ryan, 2015 U.S. Dist. LEXIS 47753, at *53-54 (granting motion to dismiss claims under, *inter alia*, § 16600); Zanze, 412 Fed. Appx. at 996 (affirming "the district court's decision to dismiss the non-compete claims with prejudice" where brought outside limitations period).

Similarly, this claim is barred by laches.  Bartley admits he knew that he had a potential cause of action regarding the enforceability of the Non-Solicitation Provisions at the time he signed the Agreement in January 2008.  FAC ¶ 14.  But instead he waited for eight years, delaying unreasonably and prejudicing Display Works.  See Saul Zaentz Co., 627 F. Supp. 2d at 1113 ("if any part of the allegedly wrongful conduct occurred outside of the limitations period, courts presume that the plaintiff's claims are barred by laches").  Thus, this claim is barred.

## IV.   THE COURT SHOULD EXERCISE ITS DISCRETION UNDER THE DECLARATORY JUDGMENT ACT TO DECLINE JURISDICTION

### A.   The Declaratory Judgment Act Grants Discretion to the Court to Decline Jurisdiction Over this Action

This Court is vested with substantial discretion to decline jurisdiction over Plaintiffs' action.  Under the Declaratory Judgment Act, "any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201(a).  "[B]y its express terms the Declaratory Judgments Act makes the granting of declaratory relief discretionary."  Cont'l Cas. Co. v. Robsac Indus., 947 F.2d

Mitchell
Silberberg &
Knupp LLP

7529543.1

16

1   1367, 1369 (9th Cir. 1991); see Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995)

2   (under the Declaratory Judgment Act, a district court has "unique and substantial

3   discretion" to decide whether to assert jurisdiction).  Whether a court should exercise

4   jurisdiction over a declaratory judgment action involves "considerations of

5   practicality and wise judicial administration."  Wilton, 515 U.S. at 288.

6        Where, as here, a declaratory relief action filed in a federal court involves the

7   same issues and same parties as a coercive action filed in a second federal court, the

8   court being asked to exercise jurisdiction under the Declaratory Judgment Act

9   should **not** assert jurisdiction where doing so would: (1) encourage forum shopping;

10  (2) result in duplicative litigation; and (3) needlessly determine state law.  Gov't

11  Empls. Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998) (citing Brillhart v.

12  Excess Ins. Co., 316 U.S. 491, 495 (1942)); see also id. at 1225 ("federal courts

13  should generally decline to entertain reactive declaratory actions").[11]

14       The fact that Plaintiffs also have pled claims under the UCL and for tortious

15  interference does not affect the Court's ability to decline to exercise jurisdiction over

16  this action.  Each of those claims is dependent on the declaration sought by Plaintiffs

17  that the Non-Solicitation Agreement is illegal and unenforceable under California

18  law.  See FAC, ¶ 44 (UCL claim, seeking determination and injunction regarding

19  enforcement of the Non-Solicitation Provisions), ¶ 53 (interference claim, seeking

20  determination regarding enforcement of the Non-Solicitation Provisions).  Thus, the

21  Court may dismiss all three of Plaintiffs' related claims.  See Knapp, 983 F. Supp.

22  2d at 1173 (dismissing complaint even though Knapp sought "a determination by the

23

24  [11] The analysis in Brillhart and Drizol applies equally to situations in which – as
    here – two cases involving the same parties and same issues are pending in two
25  different **federal** courts.  See, e.g., Knapp v. Depuy Synthes Sales, Inc., 983 F.
    Supp. 2d 1171 (E.D. Cal. 2013) (same); Schmitt v. JD Edwards World Solutions
26  Co., 2001 U.S. Dist. LEXIS 7089 (N.D. Cal. May 18, 2001) (declining jurisdiction
    under Declaratory Judgment Act in favor of subsequent action filed by employer in
27  federal court alleging breach of a non-competition agreement); Qualcomm, Inc. v.
    GTE Wireless, Inc., 79 F. Supp. 2d 1177, 1179 (S.D. Cal. 1999); Gribin v.
28  Hammer Galleries, 793 F. Supp. 233, 234 n.1 (C.D. Cal. 1992).

1    Court that the use and threatened enforcement of the restrictive covenant violates

2    California Business and Professions Code §§ 16600 & 17200 *et seq.*").[12]

3    ### B.    The Brillhart Factors Favor Dismissal

4    Each of the three <u>Brillhart</u> factors weighs decisively in favor of this Court

5    declining jurisdiction over the FAC, in favor of the New Jersey Action.

6    ### 1.    Dismissal Would Discourage Forum Shopping

7    In filing this action, Bartley engaged in blatant forum shopping, which is to be

8    discouraged.  <u>See</u> <u>Dizol</u>, 133 F.3d at 1225 (citing <u>Brillhart</u>).  Since there is a pending

9    coercive action in New Jersey that will resolve the issues present in this action (and,

10   as discussed below, many others) – and which already is much further along than

11   this action, including a determination that the Non-Solicitation Provisions are

12   ***enforceable*** and an order enjoining Bartley from violating them – this Court should

13   not "encourage forum shopping, procedural fencing, and the 'race for res judicata'"

14   by allowing Plaintiffs instead to pursue this duplicative action here.  <u>Am. Nat'l Fire</u>

15   <u>Ins. Co. v. Hungerford</u>, 53 F.3d 1012, 1018 (9th Cir. 1995).

16   The fact that Bartley (without joining Derse) filed (but did not serve) his

17   initial complaint in this action in Orange County Superior Court prior to the filing of

18   the New Jersey Action does not affect the analysis.  Bartley's initial complaint was

19   reactive, since it was filed to preempt Display Works from enforcing the Non-

20   Solicitation Agreement in its natural forum.  <u>See</u> <u>Cont'l Cas. Co. v. Robsac Indus.</u>,

21   947 F.2d 1367, 1371-73 (9th Cir. 1991) ("[I]f a declaratory judgment suit is

22   defensive or reactive, that would justify a court's decision not to exercise

23   jurisdiction.").[13]

---

24   [12] Thus, Plaintiffs' "request for monetary relief is wholly dependent upon a

25   favorable decision on its claim for declaratory relief.  The action is plainly one for
declaratory relief."  <u>Golden Eagle Ins. Co. v. Travelers Cos.</u>, 103 F.3d 750, 755 (9th

26   Cir. 1996) (overruled on other grounds by <u>Dizol</u>, 133 F.3d 1220).

27   [13] Thus, and for the additional reasons discussed in detail in Display Works'
opposition to Plaintiffs' *ex parte* application for a TRO, the so-called "first-to-file"
rule has no application here and, if anything, supports treating the New Jersey

28   Action as the first-filed action.  <u>See</u> ECF 17, Part IV.B at pp. 10-14.

1    Indeed, forum shopping is to be discouraged, in part, so that a putative

2 defendant does ***not***, like Bartley, race to the courthouse and thereby deprive the

3 natural plaintiff of its choice of forum.  See First Fishery Dev. Serv. v. Lane Labs

4 USA, 1997 U.S. Dist. LEXIS 11231, at *4-5 (S.D. Cal. July 21, 1997) (discouraging

5 "disorderly race to the courthouse" and holding that "a party may not file a

6 declaratory relief action merely to assert ***what it ordinarily would raise as defenses***

7 ***in another pending action***"); Great Am. Ins. Co. v. Hous. Gen. Ins. Co., 735 F.

8 Supp. 581, 586 (S.D.N.Y. 1990) (accord).

9    Courts in similar cases have found that a former employee engaged in forum

10 shopping by filing a declaratory action prior to an action being filed by the employer

11 seeking to enforce a non-compete agreement. See, e.g., Knapp, 983 F. Supp. 2d at

12 1178 ("the manner in which Plaintiff filed this action smacked of forum shopping");

13 DeFeo v. Procter & Gamble Co., 831 F. Supp. 776, 778 (N.D. Cal. 1993) (court

14 refused to "reward[] forum shopping" by proceeding with first-filed lawsuit where

15 former employee filed a declaratory judgment action on the day he resigned seeking

16 a declaration that non-compete agreement was unenforceable); Schmitt, 2001 U.S.

17 Dist. LEXIS 7089, at *4 (dismissing first-filed declaratory relief action that was a

18 "preemptive suit meant to deprive the natural plaintiff of the forum of his choice").

19 As in those cases, Bartley filed his action in California in an underhanded effort to

20 have the issues litigated in what he hoped would be a more favorable forum that

21 would ignore the Maryland choice of law clause and declare the Non-Solicitation

22 Agreement unenforceable.[14]

23            **2.    Dismissal Would Avoid Duplicative Litigation**

24 _____

25 [14] Bartley's forum-shopping is further evidenced by his conduct prior to his filing
of this action in California state court, when – on the date he resigned – he
requested a response to his assertion of the purported unenforceability of the Non-

26 Solicitation Provisions, but instead filed his complaint three hours prior to his
requested response deadline, thereby ensuring that he would beat Display Works in

27 the race to the courthouse (undoubtedly having requested counsel to prepare his
complaint even before he resigned).  See Hess Aff. (ECF 12-4), Ex. A; Complaint

28 (ECF 1-1).  This Court should not countenance such gamesmanship.

Mitchell
Silberberg &
Knupp LLP

7529543.1

DISPLAY WORKS' MOTION TO DISMISS, OR IN THE ALTERNATIVE STAY, PLAINTIFFS' FAC

1    A court also should decline jurisdiction where doing so would avoid

2  duplicative litigation, thereby saving judicial resources.  The court in <u>Knapp</u> found

3  that dismissal would avoid duplicative litigation, since the Pennsylvania district

4  court in which the claims also were pending would necessarily resolve whether the

5  non-competition agreement at issue was enforceable, and "the Pennsylvania

6  litigation would more efficiently resolve all the issues presented by the present

7  conflict because it necessarily must [also] adjudicate Defendant's claims for

8  misappropriation of trade secrets and breach of fiduciary duty." <u>Knapp</u>, 983 F.

9  Supp. 2d at 1177-78.

10    Similarly, in this case, judicial resources would be preserved by declining to

11  exercise jurisdiction in this case and allowing the New Jersey Action to go forward,

12  since that action will resolve not only the issues present in this lawsuit, but also the

13  *nine* additional claims pled in the New Jersey Action against Bartley.  Plaintiffs'

14  FAC here is narrow – they simply seek a declaration/injunction stating that the Non-

15  Solicitation Agreement is unenforceable under California law and that California

16  law should govern.  Their related claims under Cal. Bus. & Prof. Code § 17200 and

17  for tortious interference with economic advantage are based on the same core

18  contention, and seek the same declaratory/injunctive relief (*i.e.*, a determination that

19  the Agreement is unenforceable).  <u>See</u> FAC, *passim*.  By contrast, the New Jersey

20  Action is much broader.  Besides asking that court to resolve the issue of the

21  enforceability of the Non-Solicitation Provisions, Display Works has brought *nine*

22  different causes of action against Bartley arising from his various torts and breaches,

23  ranging from misappropriation of trade secrets to trade libel and disparagement to

24  violation of the New Jersey Trade Secrets Act.  <u>See</u> N.J. Cmplt., *passim*.  Because

25  the New Jersey action will resolve the issues presented in this California action, *and*

26  will resolve the many additional claims not presented in this action, the New Jersey

27  Action should be permitted to continue without interference.  <u>See</u> <u>Schmitt</u>, 2001 U.S.

28  Dist. LEXIS 7089, at *7 (dismissing first filed declaratory judgment suit where

1  second filed suit was broader in that it "allege[d] two claims based on disclosure of

2  trade secrets in addition to alleging breach of the non-compete contracts").

3     Lastly, even if these two actions presented the same issues (they do not),

4  exercising jurisdiction in this Court still would waste judicial resources because, in

5  the New Jersey Action, Judge Arleo already has considered significant briefing on

6  choice of law, enforceability, and personal jurisdiction issues, and has issued (and

7  recently extended) a TRO against Bartley based on the ***same contract*** at issue in this

8  action.  See RJN, Exs. A-G, K.  This Court should not waste resources by covering

9  the same ground already covered by the court in the  New Jersey action.[15]

10  **3.     Dismissal Will Avoid Needless Determination of State Law**

11     Each of Plaintiffs' causes of action seeks a declaration (or similar "injunctive

12  relief") declaring the Non-Solicitation Provisions unenforceable.  This clearly raises

13  a question of state law.  See <u>Knapp</u>, 983 F. Supp. 2d at 1177 (determining "whether

14  or not the non-compete provision in the agreement is enforceable" required a

15  "decision on a purely state law issue").  Because this case involves a choice of law

16  provision designating the law of Maryland as the law governing the agreement,

17  Judge Arleo in New Jersey already has analyzed the state law issues, determined that

18  Maryland law applies pursuant to the parties' Agreement, held that the provisions

19  are ***enforceable*** under Maryland law, issued a TRO, and extended that TRO to

20  continue to enjoin Bartley.  See RJN, Exs. A-G, K.  Accordingly, were this Court to

21  exercise jurisdiction over this case, it would be required to make a needless

22  determination on various state law issues that already have been decided by the New

23  Jersey Action.  Thus, all three <u>Brillhart</u> factors weigh in favor of dismissal.

24  **C.     <u>Federal Courts in California Consistently Have Declined To</u>**

25

26  [15]  Thus, the fact that Bartley filed this action before the New Jersey Action was
    filed is immaterial.  <u>See Nat'l Union Fire Ins. Co. v. Payless Shoesource, Inc.</u>, 2012

27  U.S. Dist. LEXIS 112346, at *28-29 (N.D. Cal. Aug. 9, 2012) ("courts have
    rejected the [first-to-file] rule when the second-filed action had developed further

28  than the initial suit").

Mitchell
Silberberg &
Knupp LLP

7529543.1

DISPLAY WORKS' MOTION TO DISMISS, OR IN THE ALTERNATIVE STAY, PLAINTIFFS' FAC

<u>**Exercise Jurisdiction Under Similar Circumstances**</u>

Federal courts in California facing similar issues consistently have dismissed declaratory relief actions seeking to invalidate non-solicitation provisions (or even non-competition provisions) in favor of coercive actions filed in other jurisdictions.

In <u>Knapp</u>, the plaintiff was employed by defendant as a sales consultant in California, where he lived.  983 F. Supp. 2d at 1173.  Like Bartley, on the day Knapp resigned, he filed a declaratory relief action in California district court seeking a declaration that the non-solicitation and non-competition agreement he had entered into prior to resigning, which contained a Pennsylvania choice of law provision, was unenforceable (and claims under Sections 16600 and 17200).  <u>Id.</u> Five days after Knapp filed his complaint in California, defendant filed its own action in the Eastern District of Pennsylvania, "not only for [Knapp's] breach of the non-solicitation agreement, but also for misappropriation of Defendant's trade secrets and breach of fiduciary duty."  <u>Id.</u>  The district court granted defendant's motion to dismiss the California action, declining to exercise jurisdiction over Knapp's claims, and the Court of Appeals affirmed, finding that all three <u>Brillhart</u> factors weighed in favor of dismissal.  <u>Id.</u> at 1176-78.

Similarly, in <u>Harrison v. Synthes USA Sales, LLC</u>, 2013 U.S. Dist. LEXIS 35020 (E.D. Cal. Mar. 12, 2013), the plaintiff sought a declaration from the court that the non-competition and non-solicitation agreements that he entered into with his former employer were illegal under California law.  Shortly after plaintiff filed his action in the Eastern District of California, his former employer filed its own action in Pennsylvania state court, alleging that plaintiff breached the non-competition and non-solicitation agreements and that plaintiff's new employer had tortiously interfered with the agreements.  <u>Id.</u> at *2-3.  Much like in <u>Knapp</u>, the court declined to exercise jurisdiction over the action, finding that all three of the <u>Brillhart</u> factors weighed in favor of declining jurisdiction, and dismissed the California action in favor of the action in Pennsylvania.  <u>Id.</u> at *7-11.  <u>See also</u> <u>Google, Inc. v.</u>

Microsoft Corp., 415 F. Supp. 2d 1018, 1019-22 (N.D. Cal. 2005) (staying declaratory judgment action seeking a declaration that non-compete provision was unenforceable under California law where employer had also filed an action in its home jurisdiction in Washington for breach of the non-compete agreement and other tort claims arising therefrom, based on Brillhart factors, including because the Washington court already had held a hearing, issued a preliminary injunction, and set a trial date).

The Court here should do the same and should dismiss this action in favor of the New Jersey Action, thereby declining to reward Plaintiffs' blatant forum shopping and Bartley's "race to the courthouse," avoiding the unnecessary waste of judicial resources, and avoiding needless re-litigation of state law issues already decided (or being decided) by Judge Arleo in the New Jersey Action.

**D.      At Minimum, the Court Should Stay this Action Pending a Ruling from the Third Circuit Regarding Personal Jurisdiction Over Derse**

On March 21, 2016, the court in the New Jersey Action issued an order, following highly contested motion practice and multiple hearings, finding that it lacks personal jurisdiction over Derse and dissolving the TRO restraining Derse on that basis.  RJN, Ex. K.  (No order dismissing Derse has issued; the May 21, 2016 Order indicated that the court intends to issue a formal opinion setting forth its reasoning.)  Plaintiffs undoubtedly will argue that the Court here therefore should refuse to dismiss this action in favor of the New Jersey Action because the New Jersey court cannot resolve all claims by all parties.

The parties in their briefs, and the Court at oral argument, recognized that the New Jersey Court's personal jurisdiction over Derse – both under traditional specific jurisdiction principles and the so-called "consent jurisdiction" doctrine – is a very close question (in Judge Arleo's words, a "close call").  No Third Circuit authority directly resolves the issue, and there is a split in the district courts on the relevant issues.  Thus, as soon as the New Jersey court issues its final order regarding

personal jurisdiction over Derse, Display Works intends to seek certification of the jurisdictional issues to the Third Circuit, which may result in a finding that the New Jersey court does, in fact, have jurisdiction over Derse.

Thus, at minimum, the Court should stay this action until such issues are resolved in the Third Circuit. If Display Works is successful on appeal, and the New Jersey court does have jurisdiction over Derse, then this Court can resume its determination of this motion and dismiss this action for the reasons discussed in this Section, without any concern regarding the New Jersey court's jurisdiction.[16]

Even if the Third Circuit affirms the dismissal of Derse in New Jersey, it still will be appropriate for the Court to dismiss Bartley's claims in favor of the New Jersey Action. Display Works – the natural plaintiff for these claims – is the master of its complaint and has the right to sue Bartley in its home jurisdiction.

In any event, the Court should not decide to retain jurisdiction over Plaintiffs' claims here, based on the New Jersey court's decision regarding its jurisdiction over Derse, until a ruling is obtained from the Third Circuit on that (in Judge Arleo's words) "close" question. If the Third Circuit affirms the dismissal of claims against Derse in New Jersey, the parties will file additional briefing regarding the most efficient manner to proceed.

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863 (9th Cir. 1979); Landis v. North Am. Co., 299 U.S. 248, 254 (1936) (court may stay proceedings as part of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). Courts should consider:

---

[16] As discussed *supra*, Part III, Derse fails to state any claim upon which relief can be granted, and its claims should be dismissed for those independent reasons. Thus, analysis of where "all claims" may be heard should ignore Derse's failed claims.

> the competing interests which will be affected by the
> granting or refusal to grant a stay…. Among those
> competing interests are the possible damage which may
> result from the granting of a stay, the hardship or inequity
> which a party may suffer in being required to go forward,
> and the orderly course of justice measured in terms of the
> simplifying or complicating of issues, proof, and questions
> of law which could be expected to result from a stay.

Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005).

Here, no damage will result from the issuance of the stay, while Display Works will be significantly injured if this Court goes forward with this action in direct competition with the New Jersey Action. Further, the orderly course of justice will be maximized – and complicated competing issues across the two pending actions will be significantly simplified – by awaiting the Third Circuit's decision on jurisdiction over Derse. See AsIs Internet Servs. v. Active Response Group, 2008 U.S. Dist. LEXIS 117075, at *14-17 (N.D. Cal. Sept. 16, 2008) (staying action pending resolution of appeal in another related action that would settle standing issue); Tejada v. Deutsche Bank Nat'l Trust Co., 2011 U.S. Dist. LEXIS 83000, at *14 (D. Haw. July 27, 2011) (staying case "until the state appeal is decided"). Thus, solely if the Court intends to deny Display Works' motion to dismiss, it should stay this action pending a decision from the Third Circuit.

## V.    CONCLUSION

For the reasons discussed herein, each of Plaintiffs' causes of action fails to state a claim upon which relief can be granted, and should be dismissed. Further, the Court should exercise its discretion to refuse jurisdiction over the claims in this action and dismiss (or, at minimum, stay) Plaintiffs' FAC.

DATED: March 21, 2016          MITCHELL SILBERBERG & KNUPP LLP


By:  /s/ Samantha C. Grant
     Samantha C. Grant
     Attorneys for Defendant
     DISPLAY WORKS, LLC