EMILIO G. GONZALEZ (State Bar No. 197382)
  emiliogonzalez@dwt.com
CARLA A. MCCAULEY (State Bar No. 223910)
  carlamccauley@dwt.com
SCOTT R. COMMERSON (State Bar No. 227460)
  scottcommerson@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Plaintiffs
MICHAEL BARTLEY and DERSE, INC.

LAURA C. HESS (State Bar No. 198284)
  lhess@kringandchung.com
KRING & CHUNG, LLP
38 Corporate Park
Irvine, California 92606
Telephone: (949) 261-7700
Fax: (949) 261-8800

Attorneys for Plaintiff
MICHAEL BARTLEY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BARTLEY, an Individual; and DERSE, INC., a Wisconsin Corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> DISPLAYWORKS, LLC, a Maryland Limited Liability Company; and Does 1 through 25 <br><br> Defendants. | Case No. **8:16-CV-00269 CJC (JCGx)** <br> Before the Honorable Cormac J. Carney <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> Hearing Date: May 2, 2016 <br> Time: 1:30 p.m. <br> Courtroom: 9B |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 2, 2016, at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 9B of the above-entitled court, located at 411 West Fourth Street, Santa Ana, California, 92701, Plaintiffs Michael Bartley ("Mr. Bartley") and Derse Inc. ("Derse") (collectively "Plaintiffs") will and hereby do move this Court, pursuant to Federal Rule of Civil Procedure 12(c), for judgment on the pleadings in favor of Plaintiffs and against Defendant Display Works, LLC ("Display Works") on the grounds that there are no material facts in dispute, and Plaintiffs are entitled to judgment as a matter of law.

Plaintiffs seek judgment on the following grounds:

(1) Mr. Bartley's non-solicitation/non-competition agreement is not enforceable because it was incorporated into his employment agreement with Display Works, which expired in 2010 and was never renewed;

(2) Even if the agreement did not expire, Mr. Bartley's non-solicitation/non-competition agreement is unenforceable and void pursuant to Section 16600 of California Business and Professions Code;

(3) Display Works' use of noncompetition/nonsolicitation agreements constitutes unfair competition in violation of California Business and Professions Code Secs. 17200 *et. seq.*; and

(4) Display Works' use of noncompetition/non-solicitation agreements constitutes unlawful interference with Mr. Bartley and Derse's prospective economic advantage under California law.

This Motion is based on this Notice, the Memorandum of Points and Authorities, and the Request for Judicial Notice, which are filed concurrently herewith, all records and papers on file in this action, any oral argument, and any other evidence that the Court may consider in deciding this Application.

///

MOTION FOR JUDGMENT ON THE PLEADINGS
DWT 29217198v2 0106016-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on March 24, 2016.

DATED: March 31, 2016

DAVIS WRIGHT TREMAINE LLP
EMILIO G. GONZALEZ
CARLA A. MCCAULEY
SCOTT R. COMMERSON

By: /s/ *Scott R. Commerson*
      Scott R. Commerson

Attorneys for Plaintiff
MICHAEL BARTLEY AND DERSE

KRING & CHUNG, LLP
LAURA C. HESS

By: /s/ *Laura C. Hess*
      Laura C. Hess
Attorneys for Plaintiff
MICHAEL BARTLEY

MOTION FOR JUDGMENT ON THE PLEADINGS
DWT 29217198v2 0106016-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# **TABLE OF CONTENTS**

Page

I.    INTRODUCTION ................................................................................ 1

II.   UNDISPUTED FACTS ....................................................................... 2

    A.   Mr. Bartley Was Employed by Display Works in California. ............. 2

    B.   In 2008, Display Works Has Mr. Bartley Sign an Unlawfully Restrictive Covenant in California. ..................................................... 3

    C.   Bartley Resigns From Display Works and Files Suit Seeking Declaration That Agreement Is Invalid and Asserts Other Claims...... 5

    D.   Display Works Files New Action in New Jersey Federal Court to Enforce Agreement and Obtains Temporary Restraining Order......... 5

    E.   The Pleadings In This Action Are Closed ........................................... 6

III.  APPLICABLE LEGAL STANDARD ............................................... 6

IV.   ARGUMENT ...................................................................................... 7

    A.   The Agreement Is Unenforceable as a Matter of Law. ...................... 7

        1.   The Agreement Is Not Enforceable Because the Two-Year Term of Mr. Bartley's Employment Agreement with Display Works Expired in 2010 and Was Not Renewed. ............................................................................ 7

        2.   Even Assuming the Agreement Did Not Expire, the Agreement Is Unenforceable And Void Pursuant to Cal. Bus. & Prof. Code Sections 16600 And 17200 ............... 10

    B.   Display Works' Use of Noncompetition/Nonsolicitation Agreements Constitutes Unfair Competition in Violation of California Law ...................................................................................... 19

    C.   Display Works' Use of Noncompetition/Non-Solicitation Agreements Constitutes Unlawful Interference with Mr. Bartley's and Derse's Prospective Economic Advantage Under California Law. ..................................................................................................... 23

V.    CONCLUSION ................................................................................. 25

MOTION FOR JUDGMENT ON THE PLEADINGS
DWT 29217198v2 0106016-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# **TABLE OF AUTHORITIES**

Page

**Cases**

*Advanced Bionics v. Medtronic*,
    29 Cal. 4th 697 (2002) ...................................................................... 7, 11

*Application Grp. v. Hunter Grp.*,
    61 Cal. App. 4th 881 (1998) ...............................................................*passim*

*Applied Materials Inc. v. Advanced Micro-Fabrication Equipment
    (Shanghai) Co.*,
    630 F. Supp. 2d. 1084 (2009) ................................................................. 20

*Arkley v. Aon Risk Servs. Companies, Inc.*,
    No. CV 12-1966 DSF RZX, 2012 WL 2674980 (C.D. Cal. June 13,
    2012) .................................................................................... 15, 16, 20, 21

*Aron v. U-Haul Co. of California*,
    143 Cal. App. 4th 796 (2006) ................................................................. 21

*Aryeh v. Canon Bus. Solutions, Inc.*,
    55 Cal.4th 1185 (2013) ................................................................ 18, 19, 23

*Beaver v. Tarsadia Hotels*,
    No. 15-55106, 2016 WL 909163 (9th Cir. Mar. 10, 2016) .................................. 23

*Brack v. Omni Loan Co., Ltd*,
    164 Cal. App. 4th 1312 (2008) ............................................................... 15

*Burke v. Fine*,
    608 N.W.2d 909 (Minn. Ct. App. 2000).............................................. 7, 8, 9

*Carmen v. San Francisco Unified School Dist.*,
    982 F. Supp. 1396 (N.D. Cal. 1997).......................................................... 6

*Cel–Tech Communications, Inc. v. L.A. Cellular Tel. Co.*,
    20 Cal.4th 163 (1999) ........................................................................ 20

*Courtesy Temporary Serv., Inc. v. Camacho*,
    222 Cal. App. 3d 1278 (1990) ................................................................ 17

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*CRST Van Expedited, Inc. v. Werner Enterprises, Inc.*,
   479 F.3d 1099 (9th Cir. 2007) ................................................................ 24

*Cypress Semiconductor Corp. v. Maxim Integrated Prods., Inc.*,
   236 Cal. App. 4th 243 (2015) ................................................................ 18

*D'Sa v. Playhut, Inc.*,
   85 Cal. App. 4th 927 (2000) ............................................................ 10, 12

*Davis v. Advanced Care Techs., Inc.*,
   No. CVS06 2449 RRB DAD, 2007 WL 2288298, at *7 (E.D. Cal.
   Aug. 8, 2007) ........................................................................................ 15

*Diodes, Inc. v. Franzen*,
   260 Cal. App. 2d 244 (1968) ................................................................ 12

*Dowell v. Biosense Webster, Inc.*,
   179 Cal. App. 4th 564 (2009) ........................................................ *passim*

*Edwards v. Arthur Andersen LLP*,
   44 Cal. 4th 937 (2008) ................................................................... *passim*

*Fleming v. Pickard*,
   581 F.3d 922 (9th Cir. 2009) ................................................................... 6

*Garrison v. Oracle Corp.*,
   No. 14-CV-04592-LHK, 2016 WL 393527 (N.D. Cal. Feb. 2, 2016) ................. 19

*Golden Gate Water Ski Club v. County of Contra Costa*,
   165 Cal. App. 4th 249 (2008) ......................................................... 19, 23

*Gwinn v. Food Lion, LLC*,
   195 F. Supp. 2d 728 (D. Md. 2002) ......................................................... 9

*Hebb v. Stump, Harvey & Cook, Inc.*,
   25 Md. App. 478, 334 A.2d 563 (1975) .................................................... 9

*Heliotrope Gen., Inc. v. Ford Motor Co.*,
   189 F.3d 971 (9th Cir. 1999) ................................................................... 6

*Hill Med. Corp. v. Wycoff*,
   86 Cal. App. 4th 895 (2001) ........................................................... 10, 19

*Ins. Co. of North Am. V. Fed Express Corp.*,
   189 F.3d 914 (9th Cir. 1999) ................................................................. 16

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Janti v. Encore Capital Group, Inc.*,
    2010 WL 3058260 (S.D. Cal. Aug. 3, 2010) ........................................................ 22

*Jones v. Tracy School Dist.*,
    27 Cal. 3d 99 (1980) ........................................................ 23

*Kaye v. Orkin Exterminating Co.*,
    472 F.2d 1213 (5th Cir. 1973*)* ........................................................ 7

*Kolani v. Gluska*,
    64 Cal. App. 4th 402 (1998) ........................................................ 10, 11, 12, 13

*Koller v. West Bay Acquisitions, LLC*,
    2012 WL 2862440 (N.D. Cal. July 11, 2012) ........................................................ 22

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal.4th 1134 (2003) ........................................................ 24

*Kovesdy v. Kovesdy*,
    2010 U.S. Dist. LEXIS 100940 (N.D. Cal. Sept. 13, 2010) ........................................................ 17

*Kwikset Corp. v. Superior Court*,
    51 Cal. 4th 310 (2011) ........................................................ 21

*Latona v. Aetna United States Healthcare, Inc.*,
    82 F. Supp. 2d 1089 (N.D. Cal. 1999) ........................................................ 21

*LeFebvre v. Syngenta Biotechnology, Inc.*,
    Case No. C08-02732, 2008 U.S. Dist. LEXIS 103914 (N.D. Cal.
    Dec. 15, 2008) ........................................................ 7

*Lewis v. Russell*,
    838 F. Supp. 2d 1063 (E.D. Cal. 2012) ........................................................ 6

*Maguire v. Hibernia Savings & Loan Soc.*,
    23 Cal.2d 719 (1944) ........................................................ 18

*Mangini v. Aerojet–General Corp.*,
    230 Cal. App. 3d 1125 (1991) ........................................................ 18

*Metro Traffic Control, Inc. v. Shadow Traffic Network*,
    22 Cal. App. 4th 853 (1994) ........................................................ 10, 19

*Neel v. Magana, Olney, Levy, Cathcart & Gelfand*,
    6 Cal.3d 176 (1971) ........................................................ 19

MOTION FOR JUDGMENT ON THE PLEADINGS
DWT 29217198v2 0106016-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*North Oakland Voters Alliance v. City of Oakland,*
1992 WL 367096 (N.D. Cal. Oct. 6, 1992) ............................................................ 6

*Parrish v. Latham & Watkins,*
229 Cal. App. 4th 264 (2014) ............................................................................... 18

*Reeves v. Hanlon,*
33 Cal. 4th 1140 (2004) ........................................................................................ 12

*Ret. Grp. v. Galante,*
176 Cal. App. 4th 1226 (2009) ............................................................................. 11

*Sanz v. R.T. Aerospace Corp.,*
650 So. 2d 1057 (Fla. Dist. Ct. App. 1995) ........................................................... 8

*Scott v. Snelling & Snelling, Inc.,*
732 F. Supp. 1034 (N.D. Cal. 1990) ..................................................................... 15

*Siripongs v. Davis,*
282 F.3d 755 (9th Cir. 2002), *as amended* (Apr. 17, 2002) ................................. 21

*Storz Broad. Co. v. Courtney,*
178 So. 2d 40 (Fla. Dist. Ct. App. 1965) ............................................................... 8

*Summit Media LLC v. City of Los Angeles,*
530 F. Supp. 2d 1084 (C.D. Cal. 2008) ................................................................. 6

*Sw. Stainless, L.P. v. Sappington,*
No. 07-CV-0334-CVE-PJC, 2008 WL 918706 (N.D. Okla. Apr. 1,
2008) ...................................................................................................................... 8

*TEKSystems, Inc. v. Bolton,*
Case No. 08-3099, 2010 U.S. Dist. LEXIS 9561 (D. Md. Feb. 4,
2010) .................................................................................................................... 14

*Tourgeman v. Collins Financial Services, Inc.,*
2009 WL 6527758 (S.D. Cal. Nov. 23, 2009) ...................................................... 22

*Troyk v. Farmers Group, Inc.,*
171 Cal. App. 4th 1305 (2009) ............................................................................. 21

*Turner v. Cook,*
362 F.3d 1219 (9th Cir. 2004) ............................................................................... 6

*Victoria v. Superior Court*,
   40 Cal. 3d 734 (1985) ........................................................................... 9

*Wash. Mut. Bank v. Super. Ct.*,
   24 Cal. 4th 906 (2001) ......................................................................... 14

*Worster-Sims v. Tropicana Entm't, Inc.*,
   2014 U.S. Dist. LEXIS 141598 (D.N.J. Oct. 6, 2014) ........................ 16

*Zupnik v. All Florida Paper, Inc.*,
   997 So. 2d 1234 (Fla. Dist. Ct. App. 2008) .......................................... 9

**Statutes**

California Business and Professions Code
   § 16600.................................................................................*passim*
   §16603 ................................................................................. 13
   § 16750 ................................................................................. 18
   § 17200 ................................................................................. 2, 20
   § 17200 *et. seq.* ................................................................... 19

California Code of Civil Procedure § 1060 ...................................... 7

California's Unfair Competition Law ................................................ 25

**Rules**

Federal Rules of Civil Procedure 12(c)............................................ 6

MOTION FOR JUDGMENT ON THE PLEADINGS
DWT 29217198v2 0106016-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Michael Bartley ("Mr. Bartley), a California resident who was employed at all times in California, filed this action to prevent Display Works from enforcing an illegal non-solicitation/non-competition agreement, which attempts to circumvent California law and violates the state's public policy.  The agreement's unlawful restraints also prevent Mr. Bartley's new employer, plaintiff Derse, Inc., from fairly employing Mr. Bartley in California, and precludes Derse's ability to compete for business with Display Works' publicly known clients in California and to hire other employees lawfully in California.  Plaintiffs now move for judgment on the pleadings because the material facts at issue concerning Plaintiffs' claims for declaratory relief, unfair business practices, and tortious interference with economic advantage are not in dispute.

*First*, this Court should enter judgment in favor of Plaintiffs and against Display Works as to Plaintiffs' declaratory relief claim because the non-solicitation/non-competition agreement ("Agreement") expired more than six years ago.  The Agreement expired when the underlying employment agreement expired on February 1, 2010, and therefore, its provisions cannot be enforced against Mr. Bartley.  Even if the Agreement had not expired, it would be unenforceable because it contravenes fundamental California public policy.  Because California has the greater interest in resolution of this dispute, California law will apply despite the Maryland choice-of-law provision that Display Works improperly inserted in the Agreement.  *Application Grp. v. Hunter Grp.*, 61 Cal. App. 4th 881, 902 (1998).  California Business and Professions Code section 16600  provides that "every contract by which anyone is restrained from engaging in a lawful profession, trade or business of any kind is to that extent void."  It is well settled that non-solicitation agreements precisely like the Agreement here are void under section 16600.  Thus,

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the Agreement is void and unenforceable. *See also Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 945-46 (2008).

*Second*, Plaintiffs are entitled to judgment on the pleadings on their second claim for unfair competition because an employer's use of such agreements in violation of California Business & Professions Code section 16600 constitutes an unfair business practice in violation of California Business & Professions Code section 17200. *See*, *e.g.*, *Dowell v. Biosense Webster, Inc.*, 179 Cal. App. 4th 564, 575 (2009) ("[a]n employer's *use* of an illegal noncompete agreement also violates the UCL.") (emphasis added.)

*Third*, Plaintiffs are entitled to judgment on the pleadings on their third claim for tortious interference with economic advantage because Display Works' use of noncompetition/non-solicitation agreements constitutes unlawful interference with Mr. Bartley and Derse's prospective economic advantage under California law.

Because the material facts are undisputed, the Court should grant Plaintiffs' motion for judgment on the pleadings.

## II.   UNDISPUTED FACTS

### A.   Mr. Bartley Was Employed by Display Works in California.

Plaintiff Michael Bartley is a resident of Carlsbad, California, and resided there through the duration of his employment with Display Works. First Amended Complaint ("FAC") ¶ 5, Dkt. # 10; Answer ¶ 5, Dkt. # 23. He commenced employment with Display Works in October 2006 as its Vice President of Operations. FAC ¶ 9. Mr. Bartley was employed at all times in Display Works' office located in Irvine, California, most recently as its Division President, West Coast. FAC ¶ 11; Answer ¶ 11.

Display Works operates in the live marketing industry, creating interactive trade show and other business exhibits/displays. FAC ¶ 8; Answer 8. Prior to his employment, Mr. Bartley had vast experience in the live marketing/interactive trade show exhibit business having either owned and/or served in management capacities

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

for various of Display Works' competitors including, without limitation, GES Exposition Services, Sparks Exhibits and Environments and Exhibit Concepts.  FAC ¶ 10.

**B.    In 2008, Display Works Has Mr. Bartley Sign an Unlawfully Restrictive Covenant in California.**

On January 16, 2008, Display Works asked Mr. Bartley to sign a Non-Competition, Non-Solicitation and Non-Disclosure Agreement (the "Agreement"). *See* FAC ¶ 13, Exh. A; Answer ¶ 13. The Agreement was attached and incorporated to a Letter Agreement setting forth other terms of Mr. Bartley's employment. *See* Letter Agreement ¶ 6, Exh. A to Plaintiffs' Request for Judicial Notice ("RJN"). Under the heading "Term," the Letter Agreement provides that "[t]he term of this Agreement shall be two years from the Effective Date (the 'Term')." *Id.* ¶ 6.  The effective date of the Letter Agreement is February 1, 2008. *Id.* at p. 1.

At the time, Mr. Bartley suspected (but was not sure) that it was illegal for Display Works to condition employment on signing such an agreement.  However, he believed he had to sign it in order to continue his employment.  FAC ¶ 14.

Under a section heading "NON-SOLICITATION, NON-COMPETITION," the Agreement prohibits Mr. Bartley, for a period of six (6) months following termination of his employment with Display Works, from indirectly or directly, unless with prior written authorization from Display Works, from doing the following:

> i.      Hire, solicit, contract, accept work from or engage in business with any employee, agent, independent contractor, consultant, customer, supplier or other service provider of the Company;
> ii.     Interfere or seek to interfere with any relationships between the Company and any of its clients, customers, employees or suppliers;
> iii.    Be connected with or have any interest in (financial or otherwise), as an agent, consultant, assistant, advisor or contractor of or for, any of the Company's Customers (defined below); or
> iv.     Solicit, canvass, encourage, induce or attempt to induce any employee, officer, director, agent, independent

MOTION FOR JUDGMENT ON THE PLEADINGS
DWT 29217198v2 0106016-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

> contractor, consultant, Customer, supplier or other service provider of the Company to (as applicable) (a) terminate its employment or relationship with the Company; (b) cease providing services or products to the company; or (c) withdraw, curtail, cancel, or adversely change, any business relationship with the Company.

Agreement p. 1, Exh. A to FAC.

> The Agreement defines "Customer" to include:

>> (a) any individual or entity that the company is or was actively pursuing to become a customer at any time during the twenty-four (24) month period ending on the effective date of the termination of employment relationship between the Employee and the Company (the "Look-Back Period"); and (b) any entity or individual for whom the Company performed services during the Look-Back Period.

*Id.*  In summary, the restrictions prevent Mr. Bartley from, among other things, working with, hiring, and creating and maintaining business relationships with current and former customers, consultants, clients, independent contractors and employees that worked with Display Works.  Indeed, the provision goes far beyond prohibiting solicitation of customers; Bartley is forbidden from doing business with customers (or clients, independent contractors, consultants, or employees) *who contact or solicit him*.  The Agreement has a separate section, appropriately headed "Non-Disclosure of and Confidentiality of all Proprietary and Protected Information…," to protect Display Works' confidential information.  *Id.*

Finally, in an obvious attempt to evade California's prohibitions of non-compete and non-solicitation agreements, the Letter Agreement to which the Agreement was attached includes a choice of law provision, requiring that all disputes—irrespective of public policy considerations or non-waivable employee rights—must be resolved under Maryland law.  Letter Agreement at p. 4, Exh. A to RJN.  (However, the Agreement did not include a forum selection clause.)  As explained below, the non-solicitation/non-competition and choice of law provisions are all unenforceable against a California employee.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**C.**   **Bartley Resigns From Display Works and Files Suit Seeking Declaration That Agreement Is Invalid and Asserts Other Claims.**

Mr. Bartley resigned from Display Works on January 7, 2016.  FAC ¶ 34; Answer ¶ 34.  On January 7, 2016, the same day that he resigned, Mr. Bartley filed suit in Orange County Superior Court seeking, *inter alia*, a declaration that the non-compete and non-solicitation provisions in the Agreement are unenforceable, and also sought injunctive relief under California's unfair competition laws and asserted a claim for tortious interference with prospective economic advantage.  State Court Compl. ¶¶ 37, 43, 45-50 (ECF No. 1, Exh. 1); *see also id.* Prayer for Relief, A-E.

**D.**   **Display Works Files New Action in New Jersey Federal Court to Enforce Agreement and Obtains Temporary Restraining Order.**

On February 4, 2016, *despite the California state court action being filed nearly a month prior and based on the same covenants,*[1] Display Works filed suit against Derse and Mr. Bartley in the District of New Jersey.  *See* New Jersey Compl., Exh. B to RJN. The complaint asserts, *inter alia*, claims for breach of contract against Mr. Bartley, and a tortious interference claim against Derse based on its alleged interference with the "legally binding and enforceable Employment and Non-Compete Agreements."  New Jersey Compl. ¶¶ 56, 74, Exh. B to RJN.  Specifically, Display Works alleged that by "[s]oliciting Display Works' customers and clients within the six months period after terminating his employment with Display Works" and "[w]orking with Display Works' customers and clients within the six month period after terminating his employment with Display Works," among other things, Mr. Bartley breached his obligations under the Agreement. *Id.* ¶ 57.  The complaint seeks to apply Maryland law to the Agreement.  *Id.* ¶ 17.

---

[1] In addition to being the first-filed, this action was also the *first-served. See* RNJ, Exh. C.

MOTION FOR JUDGMENT ON THE PLEADINGS
DWT 29217198v2 0106016-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### E.    The Pleadings In This Action Are Closed.

On February 19, 2016, Bartley and Derse filed the First Amended Complaint. Dkt. # 10.  The FAC asserts claims on behalf of both Plaintiffs for declaratory judgment, unfair competition, and tortious interference with prospective economic advantage.   Display Works answered on March 21, 2016.  Dkt. # 23.

## III.    APPLICABLE LEGAL STANDARD

A motion for judgment on the pleadings may be brought at any time after the close of pleadings but before trial.  Fed. R. Civ. Proc. 12(c).  In reviewing motions made pursuant to Rule 12(c), courts "must accept all factual allegations" in the non-moving party's pleading "as true and construe them in the light most favorable to the non-moving party."  *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (citing *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004)).  "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law."  *Id.* (citing *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 979 (9th Cir. 1999)).  In considering a motion for judgment on the pleadings, "documents attached to the complaint and incorporated by reference are treated as part of the complaint, not extrinsic evidence; thus, these documents are properly considered in a Rule 12(c) motion."  *Summit Media LLC v. City of Los Angeles*, 530 F. Supp. 2d 1084, 1096 (C.D. Cal. 2008).  Moreover, courts may take judicial notice of facts without converting the motion to one for summary judgment.  *Lewis v. Russell*, 838 F. Supp. 2d 1063, 1067 n.3 (E.D. Cal. 2012).

Additionally, judgment as to some, but not all, of the counts in a complaint may be appropriate. *Carmen v. San Francisco Unified School Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997). A "party may properly move for partial judgment on the pleadings to further the policy goal of efficient resolution of actions when there are no material facts in dispute." *North Oakland Voters Alliance v. City of Oakland*, 1992 WL 367096 at *2 (N.D. Cal. Oct. 6, 1992).

MOTION FOR JUDGMENT ON THE PLEADINGS
DWT 29217198v2 0106016-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Here, the pleadings are closed (*see* Answer, Dkt. No. 23) and therefore, this Court may properly consider this motion for judgment on the pleadings, all documents, exhibits, and any other information submitted with the pleadings in this action, and all documents judicially noticed.

## IV.    ARGUMENT

### A.    The Agreement Is Unenforceable as a Matter of Law.

Plaintiffs[2] seek a declaration that the Agreement is unenforceable because the Agreement has expired, or in the alternative, because the Agreement is void under California law.

### 1.    The Agreement Is Not Enforceable Because the Two-Year Term of Mr. Bartley's Employment Agreement with Display Works Expired in 2010 and Was Not Renewed.

To the extent the Agreement might otherwise be valid, the Agreement is not enforceable because it expired when the underlying Letter Agreement expired. When a non-solicitation/non-competition agreement is incorporated into an employment agreement, the non-solicitation/non-competition agreement expires when the underlying employment agreement expires. *See, e.g., Burke v. Fine*, 608 N.W.2d 909, 913 (Minn. Ct. App. 2000) *citing Kaye v. Orkin Exterminating Co.*, 472 F.2d 1213, 1215 (5th Cir. 1973*)* (finding that where an employment agreement had

---

[2] As Mr. Bartley's new employer, Derse has standing to challenge the Agreement's unlawful restrictions on Bartley because the restrictions interfere with Derse's rights as well. *See, e.g., LeFebvre v. Syngenta Biotechnology, Inc.*, Case No. C08-02732, 2008 U.S. Dist. LEXIS 103914, *8-9 (N.D. Cal. Dec. 15, 2008) (noting that "a new employer is entitled to pursuant a declaratory judgment against a former employer under Cal. Code Civ. Proc. § 1060 and Cal. Bus. & Prof. Code § 16600."); *Application Group v. Hunter*, 61 Cal. App. 4th 881, 893-94 (1998) (new employer's declaratory relief claim against a former employer based upon noncompete agreement was justiciable); *Advanced Bionics v. Medtronic*, 29 Cal. 4th 697, 702 (2002) (new employer maintained a declaratory relief action against a former employer pursuant to Section 16600; although the court reversed an injunction barring a separate action, it noted that the new employer remained "free to litigation the California action....")

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

terminated, the noncompete clause in that agreement "ceased to have effect because the contract between the parties had ended"); *Sanz v. R.T. Aerospace Corp.*, 650 So. 2d 1057, 1059 (Fla. Dist. Ct. App. 1995) (holding that once an employment agreement had expired, noncompete clauses contained in that agreement were no longer enforceable); *Storz Broad. Co. v. Courtney*, 178 So. 2d 40, 42 (Fla. Dist. Ct. App. 1965) (holding noncompete provision applicable to termination during term of agreement, but was not applicable after contract was fully performed); *see also Sw. Stainless, L.P. v. Sappington,* No. 07-CV-0334-CVE-PJC, 2008 WL 918706, at *7 (N.D. Okla. Apr. 1, 2008).

For example, in *Burke*, the plaintiff signed an employment agreement that contained a non-compete provision. 608 N.W.2d at 910-911. The employment agreement had a term of two years. *Id.* at 911. When the two-year term ended, the parties did not enter into a new agreement but the plaintiff nevertheless continued to work for the defendant. *Id.* The trial court held that the non-compete agreement terminated on the same day as the employment agreement and therefore, could not be enforced. *Id.* On appeal, the defendant argued that the express terms of the non-compete agreement prohibited the plaintiff from competing for two years following termination of the plaintiff's employment. *Id.* at 912. The court of appeal disagreed, holding there was no "language in the employment contract that indicates the noncompete agreement was to survive the termination of the underlying contract. Consequently, the proper construction of the noncompete agreement is irrelevant because there is no longer any contract to construe." *Id.* Similarly, in *Sw. Stainless, L.P.*, 2008 WL 918706, at *7, the court held that a non-compete provision was not enforceable because the underlying employment agreement had expired. Moreover, even though the non-compete provision included survival language providing that the non-compete provisions would "survive termination" of the agreement, the court held that the agreements contained "no survival language in the case of expiration. Thus, the Noncompete Provisions did not survive their natural expiration." *Id.*; *see also*

*Zupnik v. All Florida Paper, Inc.*, 997 So. 2d 1234, 1238 (Fla. Dist. Ct. App. 2008) ("[P]ost-termination restrictions expire upon the termination of an agreement for a specific term, even if an employee remains an at-will employee after the term of the written agreement expires").

Here, the term of the Letter Agreement is two years from the effective date, February 1, 2008, which means the Letter Agreement expired by its own terms on February 1, 2010.  *See* Letter Agreement at 1 and ¶ 12.  Once the Letter Agreement expired, Mr. Bartley became an at-will employee.  *See Gwinn v. Food Lion, LLC*, 195 F. Supp. 2d 728, 730 (D. Md. 2002) ("In Maryland, in the absence of a contract for employment of a definite term, an employee is considered an at-will employee.")  Because the Agreement was incorporated into the terms of the Letter Agreement and has no language indicating that it survives the expiration of the underlying contract, the Agreement similarly expired on February 1, 2010.  Of course, the parties could have renewed the Agreement after it expired in 2010, or entered into a new agreement, but they did not do so.  Nor did Display Works include an automatic renewal provision or any survival language in the Agreement.  And there is nothing to suggest that the Agreement will ever become effective again.  Further, as in *Burke*, even though the Agreement provides that it applies "for a period of six (6) months following termination of my employment," Agreement at 1, "the proper construction of the noncompete agreement is irrelevant because there is no longer any contract to construe."  *Id.* at 912.

Finally, even if there is any ambiguity as to when the Agreement expired, any ambiguity should be construed against Display Works, as the party who drafted the Agreement.  This is true whether Maryland law is applied (pursuant to the expired Agreement's choice of law provision) or California law.  *See Hebb v. Stump, Harvey & Cook, Inc.*, 25 Md. App. 478, 482, 334 A.2d 563, 567 (1975) ("It is well established that language in a contract prepared and included by one party is to be construed against that party if there is an ambiguity."); *Victoria v. Superior Court*, 40

MOTION FOR JUDGMENT ON THE PLEADINGS
DWT 29217198v2 0106016-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Cal. 3d 734, 739 (1985) ("[A]mbiguities in standard form contracts are to be construed against the drafter.")  Therefore, because the Agreement expired when the Letter Agreement expired on February 1, 2010, the Agreement is not enforceable.

### 2. Even Assuming the Agreement Did Not Expire, the Agreement Is Unenforceable And Void Pursuant to Cal. Bus. & Prof. Code Sections 16600 And 17200.

In California, "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extend void." Cal. Bus. & Prof. Code § 16600; *see also Edwards*, 44 Cal. 4th at 945 (2008).  Section 16600 reflects California's strong public policy of protecting the rights of its citizens to pursue any lawful employment and enterprise of their choice. California's public policy is "to ensure that every citizen shall retain the right to pursue any lawful employment and enterprise of their choice."  *Hill Med. Corp. v. Wycoff*, 86 Cal. App. 4th 895, 901 (2001) (citing *Metro Traffic Control, Inc. v. Shadow Traffic Network*, 22 Cal. App. 4th 853, 859 (1994)).

California courts consistently find non-competition covenants unenforceable as a matter of law.  *See, e.g., D'Sa v. Playhut, Inc.*, 85 Cal. App. 4th 927, 930-31 (2000) (rejecting one-year non-competition covenant); *Kolani v. Gluska*, 64 Cal. App. 4th 402, 405-07 (1998) (rejecting one-year, 40-mile radius prohibition on competing with employer).

As the California Supreme Court has explained:

> Our courts have consistently affirmed that section 16600 evinces a settled legislative policy in favor of open competition and employee mobility. [] The law protects Californians and ensures that every citizen shall retain the right to pursue any lawful employment and enterprise of their choice. It protects the important legal right of persons to engage in businesses and occupations of their choosing.

*Edwards*, 44 Cal. 4th at 945-46.

Under this reasoning, "California courts have held that the interests of the employee in his own mobility and betterment are deemed paramount to the

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

competitive business interests of the employers...." *Id.* Furthermore, California courts conclude that "California has a strong interest in protecting its employees from non-competition agreements under section 16600." *Advanced Bionics Corp. v. Medtronic, Inc.*, 29 Cal. 4th 697, 706 (2002).

California courts have likewise repeatedly held that non-solicitation clauses prohibiting employees from doing business with customers of their former employer are overbroad and unenforceable. *See Dowell v. Biosense Webster, Inc.*, 179 Cal. App. 4th 564, 575 (2009) (holding customer non-solicitation clause was invalid); *Ret. Grp. v. Galante*, 176 Cal. App. 4th 1226, 1238 (2009) ("section 16600 bars a court from specifically enforcing ... a contractual clause purporting to ban a former employee from soliciting former customers"); *Kolani*, 64 Cal. App. 4th at 407; *Edwards*, 44 Cal. App. 4th at 948 (holding customer non-solicitation provision was overbroad because it "restricted [employee's] ability to practice his accounting profession").

For example, in *Kolani*, the employer sought to enforce a non-solicitation clause which required the employee not to "solicit, interfere with, compete with in any manner or endeavor to entice away from [the company] any person or entity of any kind whatsoever which [the company] was actively engaged in sales promotion efforts...." The *Kolani* court concluded that the clause was unenforceable because it constituted "an outright prohibition on competition and is void." *Id.* at 407.

Likewise, in *Dowell*, the court held that a non-solicitation clause that attempted to restrict an employee from "soliciting any business from, selling to, or rendering any service directly or indirectly to any of the accounts, customers or clients with whom they had contact during their last 12 months of employment" violated § 16600. *Dowell*, 179 Cal. App. 4th at 575. Dowell explained that the non-solicitation clause "goes well beyond prohibiting active solicitation by prohibiting departing employees from selling or rendering any services to [] customers or

MOTION FOR JUDGMENT ON THE PLEADINGS
DWT 29217198v2 0106016-000001

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

directly or indirectly assisting others to do so--even if it is the customer who solicits the former employees." *Id.* at 578-79.

Notably, the burden is on the employer to draft a noncompetition provision that will pass muster under section 16600. California courts will not rewrite an overly broad provision to make it valid, as that would undermine the policy underlying section 16600. *Kolani*, 64 Cal. App. 4th at 408; *D'Sa*, 85 Cal. App.4th at 934-35. Otherwise, if rewriting were permitted:

> Employers could insert broad, facially illegal covenants not to compete in their employment contracts. Many, perhaps most, employees would honor these clauses without consulting counsel or challenging the clause in court, thus directly undermining the statutory policy favoring competition. Employers would have no disincentive to use the broad, illegal clauses if permitted to retreat to a narrow, lawful construction in the event of litigation. *Kolani*, 64 Cal. App. 4th at 408.

### a.      The Agreement Contains an Unenforceable Noncompetition/Non-Solicitation Provision.

Here, the non-solicitation/non-competition provision in the Agreement is unenforceable because it prevents competition.  The restrictions prevent Mr. Bartley from, among other things, working with, hiring, and creating and maintaining business relationships with current and former customers, consultants, clients, independent contractors and employees that worked with Display Works.  The provision even vaguely prohibits Display Works from "interfering or seeking to interfere with any relationship between Display Works" and its clients and customers, without requiring that such "interference" be wrongful or tortious, as required under California law.  *Diodes, Inc. v. Franzen*, 260 Cal. App. 2d 244, 255 (1968) ("The interests of the employee in his own mobility and betterment are deemed paramount to the competitive business interests of the employers, where neither the employee nor his new employer has committed any illegal act accompanying the employment change."); *see also Reeves v. Hanlon*, 33 Cal. 4th 1140, 1152-53 (2004) (solicitation actionable only if plaintiff proves "that the

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

defendant engaged in an independently wrongful act that induced an at-will employee to leave the plaintiff").

As in *Dowell*, 179 Cal. App. 4th at 575, the Agreement prohibits Mr. Bartley from doing business with a customer or customer prospect even if the customer solicits Mr. Bartley.  Likewise, the restriction (1) prohibits him from contacting prospects even if Mr. Bartley had no relationship with the prospect during his tenure with Display Works, and (2) prohibits him from contacting or soliciting customers even in a manner that does not utilize Display Works' confidential or proprietary business information.  Also, because the employee non-solicitation restrictions are included in the very same paragraph as the unenforceable customer non-solicitations, the *entirety* of the restrictive paragraph fails.  *Kolani*, 64 Cal. App. 4th at 408.

In sum, the Agreement's non-competition/ non-solicitation provision restrains competition and, as a result, violates California law and public policy. Accordingly, the Court should find that the entire covenant is void and unenforceable in California.

### b.      None of The Exceptions to Section 16600 Apply.

California recognizes only three statutory exceptions to the prohibitions imposed by Section 16600.  These exceptions are codified in Sections 16601-16603 of the Business and Professions Code, and relate exclusively to situations in which a substantial owner of a business sells all of her ownership and goodwill interest in the business in conjunction with a restrictive covenant.  None of these exceptions apply in the instant case and Display Works has not raised them as defenses in its Answer.  Nor are there any allegations that Mr. Bartley was ever an owner of, or ever disposed of a goodwill interest in, Display Works.

### c.      The Choice of Law Clause Is Not Enforceable.

Display Works will argue that it can exploit the Maryland choice of law provision in the Agreement as an end run around California's ban on restriction covenants.  FAC ¶ 40; Answer ¶ 40.  Display Works is wrong.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

First, even if the Court finds that the Noncompete Agreement did not expire, the Letter Agreement that contains the Maryland choice of law provision expired by its express terms. Thus, the Maryland choice of law provision would not apply to the Agreement even assuming *arguendo* the Agreement did not expire.

Second, California courts have long recognized that out-of-state employers cannot avoid Section 16600 by shielding their non-solicitation/non-competition provisions with choice of law provisions. Although normally enforceable, choice of law provisions are subject to additional scrutiny where they conflict with fundamental policies of the state. *See, e.g., Wash. Mut. Bank v. Super. Ct.*, 24 Cal. 4th 906, 916 (2001). Where the chosen law poses "a fundamental conflict with California law, the court must then determine whether California has a 'materially greater interest than the chosen state in the determination of the particular issue ....'" *Id*. Here, there can be no dispute that Maryland and California are in conflict on the subject of non-competition/non-solicitation provisions: such provisions are permitted under certain circumstances under Maryland law, *see e.g.*, *TEKSystems, Inc. v. Bolton*, Case No. 08-3099, 2010 U.S. Dist. LEXIS 9561, at *2 (D. Md. Feb. 4, 2010), but forbidden in almost all circumstances under California law, *see, e.g.*, Edwards, 44 Cal. 4th at 945 (2008). Thus the inquiry turns to whether California has a materially greater interest than the chosen state.

In *Application Grp. v. Hunter Grp.*, 61 Cal. App. 4th 881, 902 (1998), the California Court of Appeal answered in the affirmative. There, the court refused to enforce a choice of law provision favoring Maryland law, which would have deprived *out-of-state* employees of the protections of Section 16600 when hired by a California employer. *Id*. Even though the employee in *Application Grp*. was not in California, the Court of Appeal nevertheless held that California *still* had "a materially greater interest than does Maryland in the application of its law to the parties' dispute, and that California's interests would be more seriously impaired if its policy were subordinated to the policy of Maryland." *Id*. Enforcement of the

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

provision would have allowed "an out-of-state employer/competitor to limit employment and business opportunities in California" which would be "contrary to this state's fundamental policy." *Id; see also Brack v. Omni Loan Co., Ltd*, 164 Cal. App. 4th 1312 (2008) (a policy is fundamental "when the Legislature provides that an agreement entered into in violation of the statute is void").

Similarly, in *Arkley v. Aon Risk Servs. Companies, Inc.*, No. CV 12-1966 DSF RZX, 2012 WL 2674980, at *3 (C.D. Cal. June 13, 2012), the court held that California law applied, and therefore Section 16600 applied, even though the non-compete agreement contained an Illinois choice of law provision, because "California has a strong interest in enforcing its laws to protect California-resident employees" and it was undisputed that the individual plaintiffs "were California residents, that they resided in California and had their main offices there while employees of Defendants, and that they have resided in California and had their main offices there as employees of [their new employer]." *See also Davis v. Advanced Care Techs., Inc.*, No. CVS06 2449 RRB DAD, 2007 WL 2288298, at *7 (E.D. Cal. Aug. 8, 2007) (holding that California had a "materially greater interest" than Connecticut in litigation over noncompete agreement when the employee was a California resident); *Scott v. Snelling & Snelling, Inc.*, 732 F. Supp. 1034, 1039-1041 (N.D. Cal. 1990) (California law applied to noncompetition provision in franchise agreement containing Pennsylvania choice of law provision).

If rejection of the choice of law provision was appropriate for protecting the rights of the *out-of-state* employee in *Application Grp.* and California-resident employees in *Arkley*, it is absolutely required to protect the interests of Bartley here. Bartley is a citizen of California, he signed the Agreement in California, he worked for Display Works at all times in California, and it is his ability (as well as of those of other Display Works employees bound by illegal non-solicitation/non-competition agreements) to continue working and competing for business in California that is at

MOTION FOR JUDGMENT ON THE PLEADINGS
DWT 29217198v2 0106016-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

issue in this lawsuit.[3]  Display Works cannot reach into California, and in contravention of its "fundamental policy," limit or interfere with Bartley's employment, or the ability to compete of Bartley and other Display Works employees and former employees.  Because Mr. Bartley is entitled to the protections of Section 16600, the choice of law provision is unenforceable.

To the extent Display Works argues that Maryland law should apply based on the TRO issued in the New Jersey action, Display Works is wrong. In that action, the New Jersey district court's preliminary choice of law analysis did not apply California choice of law analysis and is therefore not controlling.  *See Arkley*, 2012 WL 2674980, at *3 n.2 ( "As the Court must attempt to apply the choice of law analysis conducted by California courts, . . . the analyses of non-California courts outside the Ninth Circuit are unhelpful.") (citation omitted).  As Display Works concedes, this Court will apply *California's* choice of law principles.[4]  Indeed, Judge Arleo expressly stated that her preliminary choice of law analysis was constrained by what she believed were *New Jersey's* choice of law principles and the application of *New Jersey* public policy.  Dkt. #25, Exh. E at 28 ("New Jersey law would only overturn a choice of law provision if it conflicted with the public policy of the State of New Jersey.  Here, there's no conflict between New Jersey and Maryland law on that point.")  In addition, Judge Arleo failed to apply the Restatement test under New Jersey law to determine whether the application of the chosen law would be contrary to a "fundamental policy of a state, *which has a materially greater interest than the chosen state in the determination of the particular issue…*"  *Worster-Sims v.*

---

[3] Moreover, Display Works has no substantial relationship to Maryland in that it does not even have an office there, which it admits.  Answer ¶ 18.

[4] Dkt. #33 at 13:21-24 ("In diversity cases, such as this, the Court must 'apply the substantive law of the forum in which the court is located, including the forum's choice of law rules.  *Ins. Co. of North Am. V. Fed Express Corp.*, 189 F.3d 914, 919 (9th Cir. 1999).  *Thus, California's choice of law rules apply.*") (emphasis added.)

MOTION FOR JUDGMENT ON THE PLEADINGS
DWT 29217198v2 0106016-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Tropicana Entm't, Inc.*, 2014 U.S. Dist. LEXIS 141598, 13-15 (D.N.J. Oct. 6, 2014) (emphasis added.)

### d. Display Works' Customer Identities Are Not Trade Secrets.

Mr. Bartley anticipates that Display Works will attempt to defend the illegal non-competition/non-solicitation provision on the ground that it is intended to protect trade secrets. This argument fails as a matter of law. Here, there is an entirely separate provision in the Agreement that addresses the protection of Display Works' confidential information; plaintiffs are not challenging that provision in this motion. Nor is the non-solicitation/non-competition provision narrowly tailored to protect any Display Works trade secrets. A customer list is protectable only if it is "the product of a 'substantial amount of time, expense and effort' on the part of the employer, has commercial value, and is not readily ascertainable to other competitors." *See Kovesdy v. Kovesdy*, 2010 U.S. Dist. LEXIS 100940, at *19 (N.D. Cal. Sept. 13, 2010) (quoting *Courtesy Temporary Serv., Inc. v. Camacho*, 222 Cal. App. 3d 1278, 1287–88, 272 Cal. Rptr. 352 (1990)). It is readily apparent that Display Works' customer base is not private, much less a trade secret. Display Works admits that it publishes customer names, which can be found at http://www.displayworks.com/who-we-are/clients. *See* FAC ¶ 29; Answer ¶ 29. Display Works also admits that it publishes customer testimonials, found at http://www.displayworks.com/who-we-are/testimonials, and listing multiple customer testimonials. *See* FAC ¶ 30; Answer ¶ 30. Finally, Display Works admits that it identifies customers and work it has done for various clients through its portfolio, listing not only the customer by name but also showing the product they sold to the customer, which is available to the public on Display Works' website at http://www.displayworks.com/portfolio. FAC ¶ 32; Answer ¶ 32. The website identifies multiple customers and products sold to them. *Id.*

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Nor does California recognize the "inevitable disclosure" doctrine. *See Cypress Semiconductor Corp. v. Maxim Integrated Prods., Inc.*, 236 Cal. App. 4th 243, 254, 264 (2015) (finding that the plaintiff acted with subjective and objective bad faith by asserting claims that implicitly rested on the inevitable disclosure doctrine); *Parrish v. Latham & Watkins*, 229 Cal. App. 4th 264, 282-83 (2014) ("Latham knew or should have known that inevitable disclosure is not a viable legal theory in California.").

In short, it is untenable that Display Works now seeks through an overly broad and unconscionable non-compete to prevent Mr. Bartley and his new employer, Derse, from having any contact with customers that Display Works publicly touts on its own website. No other competitor would be subject to similar restraints, and to enforce such a restraint here against Mr. Bartley and Derse runs counter to California's policies under Section 16600. Declaratory relief is necessary and appropriate.

### e.     The Declaratory Relief Claim Is Not Time-Barred or Barred by Laches.

Display Works will also argue that Plaintiffs' declaratory relief claim is time-barred or barred by laches, but this argument ignores that Mr. Bartley did not face the threat of enforcement until he resigned from Display Works. *See* FAC ¶ 34. The statute of limitations for a declaratory relief claims "is the one applicable to an ordinary legal or equitable action based on the same claim." *Mangini v. Aerojet–General Corp.,* 230 Cal. App. 3d 1125, 1155 (1991) (citing *Maguire v. Hibernia Savings & Loan Soc.*, 23 Cal.2d 719, 733, 146 P.2d 673 (1944)). The statute of limitations for a claim under Section 16600 is "four years after the cause of action accrued." Cal. Bus. & Prof. Code § 16750. In California, "the limitations period, the period in which a plaintiff must bring suit or be barred, runs from the moment a claim accrues." *Aryeh v. Canon Bus. Solutions, Inc.*, 55 Cal.4th 1185, 1191 (2013). The "last element" accrual rule provides that absent any equitable exception, a claim

accrues upon "'the occurrence of the last element essential to the cause of action.'" *Id.* (quoting *Neel v. Magana, Olney, Levy, Cathcart & Gelfand*, 6 Cal.3d 176, 187 (1971)).  Because the last element was the threat of enforcement, which caused harm to Plaintiffs, this claim is not time barred.[5]

Further, laches does not apply because Plaintiffs did not delay in pursuing this claim; indeed, Mr. Bartley filed suit the same day he resigned.  *See Golden Gate Water Ski Club v. County of Contra Costa*, 165 Cal. App. 4th 249, 263 (2008) ("The defense of laches requires unreasonable delay plus either acquiescence in the act about which the plaintiff complains or prejudice to the defendant resulting from the delay.") (citation omitted).  Nor has Display Works alleged any fact to show that it was prejudiced by any delay.  *Id.*  Moreover, a laches defense cannot insulate employers for continuing violations of Section 16600, as doing so would undermine California's strong public policy "to ensure that every citizen shall *retain* the right to pursue any lawful employment and enterprise of their choice." *Hill Med. Corp. v. Wycoff*, 86 Cal. App. 4th 895, 901 (2001) (emphasis added) (citing *Metro Traffic Control, Inc. v. Shadow Traffic Network*, 22 Cal. App. 4th 853, 859 (1994)).

Accordingly, for the reasons stated above, the Court should grant judgment in favor of Mr. Bartley and Derse as to the declaratory relief claim.

## B. Display Works' Use of Noncompetition/Nonsolicitation Agreements Constitutes Unfair Competition in Violation of California Law.

Plaintiffs are likewise entitled to judgment on their claim for relief based on Display Work's violation of California's unfair competition law ("UCL"), California

---

[5] In its motion to dismiss, Display Works relies on *Garrison v. Oracle Corp.*, No. 14-CV-04592-LHK, 2016 WL 393527, at *11 (N.D. Cal. Feb. 2, 2016). But in *Garrison*, the parties did not dispute that the claim accrued when the parties initially entered into the agreement in 2007.  *Id.* at *12.  Moreover, the agreements at issue in that case caused harm once the parties entered into them. For example, one of the agreements was a "'Do Not Cold Call'" agreement, in which one company placed the names of another company's employees on a 'Do Not Cold Call' list and instructed its recruiters not to cold call the employees of the other company." *Id.* a *1.  Here, unlike in *Garrison*, there was no threatened harm or an injury in fact until Mr. Bartley resigned.

MOTION FOR JUDGMENT ON THE PLEADINGS
DWT 29217198v2 0106016-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Business and Professions Code Section 17200 *et. seq*. California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The law is "sweeping, embracing anything that can properly be called a business practice and [that is] at the same time ... forbidden by law." *Cel–Tech Communications, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999).

Indeed, it is well settled that "[a]n employer's *use* of an illegal noncompete agreement also violates the UCL." *Dowell,* 179 Cal. App. 4th at 575 (emphasis added); *Application Group,* 61 Cal. App. 4th at 906-908 (holding section 17200 "borrows" violations of other laws, including Section 16600, and treats them as unlawful practices independently actionable under Section 17200). For example, in *Arkley*, 2012 WL 2674980, at *5, the court held that the plaintiffs were entitled to summary judgment on their UCL claim because the employer used an illegal non-compete agreement. *See also Applied Materials Inc. v. Advanced Micro-Fabrication Equipment (Shanghai) Co.,* 630 F. Supp. 2d. 1084, 1092 (2009) ("Since the Court has found that the Assignment Clause is unlawful under section 16600, it follows that the Assignment Clause constitutes unfair competition under section 17200.") Here, there is no factual dispute that Display Works had Mr. Bartley sign the Agreement and required other employees to sign similar noncompetition/nonsolicitation agreements. Answer ¶ 2. Further, as discussed above, the Agreement is void and unenforceable under Section 16600. Therefore, Display Works violated the UCL.

Display Works will argue that Plaintiffs have not identified any unfair competition or unlawful behavior, Plaintiffs have not suffered an injury in fact, and the claim is time barred. None of these arguments has merit. *First*, despite Display Works' contention, the Agreement violates Section 16600. In its Motion to Dismiss, Display Works argues that Judge Arleo has found that Maryland law applies and the Agreement is enforceable under Maryland law. MTD at 7. However, as discussed above, Judge Arleo made that determination in deciding an application for a temporary restraining order, which is not a final judgment on the merits. *See, e.g,*

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Siripongs v. Davis*, 282 F.3d 755, 758 (9th Cir. 2002), *as amended* (Apr. 17, 2002) (holding that the district court only issued a TRO and never finally adjudicated the question at issue).  Further, Judge Arleo did not apply California choice of law principles and therefore, the order is not persuasive.  *See Arkley*, 2012 WL 2674980, at *3 n.3 ("As the Court must attempt to apply the choice of law analysis conducted by California courts, . . . the analyses of non-California courts outside the Ninth Circuit are unhelpful.") (citation omitted).

 *Second*, Plaintiffs have suffered an injury sufficient to establish standing under the UCL.  "To have standing to assert a claim under the UCL, a plaintiff must have suffered injury in fact and have lost money or property as a result of such unfair competition."  *Aron v. U-Haul Co. of California*, 143 Cal. App. 4th 796, 802 (2006).  Notwithstanding the UCL's narrowed standing provisions, California courts have warned that the "injury in fact" requirement "is not Mount Everest."  *Troyk v. Farmers Group, Inc.*, 171 Cal. App. 4th 1305, 1347 (2009) (citation omitted).  Rather, the California Supreme Court has made clear that "[t]here are innumerable ways in which economic injury from unfair competition may be shown. A plaintiff may (1) surrender in a transaction more, or acquire in a transaction less, than he or she otherwise would have; (2) have a present or future property interest diminished; (3) be deprived of money or property to which he or she has a cognizable claim; or (4) be required to enter into a transaction, costing money or property, that would otherwise have been unnecessary."  *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 323 (2011).  In this case, Display Works' "use" of illegal noncompete agreement itself constitutes an injury.  *Dowell,* 179 Cal. App. 4th at 575 ("[a]n employer's *use* of an illegal noncompete agreement also violates the UCL.") (emphasis added); *see also Latona v. Aetna United States Healthcare, Inc.*, 82 F. Supp. 2d 1089 (N.D. Cal. 1999) (explaining that an employer's *use* of illegal non-compete agreements, even without enforcement, violates Section 16600 and creates a "chilling effect" because "employees will be reluctant to challenge the legality of the

contractual terms and risk the deployment of Aetna's considerable legal resources against them" and "[future] employers may well wish to avoid the expense and energy of defending a lawsuit in which they are likely to be joined"). Because of Display Works' use of an illegal Agreement, Derse cannot fairly compete for business with Display Works, solicit publicly known clients in California, or hire other employees lawfully in California. Nor can Mr. Bartley solicit publicly known clients.

Moreover, both Mr. Bartley and Derse have had to expend attorneys' fees to address Display Works' unfair and illegal use of non-compete provisions in its employment agreements. These fees include not only those for consulting with attorneys about the enforceability of the Agreement prior to hiring Mr. Bartley, but also those expended in defense against the enforcement of the Agreement. *See Koller v. West Bay Acquisitions, LLC*, 2012 WL 2862440, at *7 (N.D. Cal. July 11, 2012) (explaining that "costs expended to defend against litigation are very different than costs expended to file suit"), *Janti v. Encore Capital Group, Inc.*, 2010 WL 3058260, at *7 (S.D. Cal. Aug. 3, 2010) ("Plaintiff paid a $50.00 filing fee to defend herself in a state court action brought by one of the Defendants for debt collection," and thus, "definitively identifies money lost sufficient to assert a UCL claim"); *Tourgeman v. Collins Financial Services, Inc.*, 2009 WL 6527758, at *7 (S.D. Cal. Nov. 23, 2009) ("Since Plaintiff's legal defense fees are 'out-of-pocket expenses,'" the court concludes that he has adequately alleged an injury in fact.") Plaintiffs incurred these fees long before the New Jersey action was filed. Indeed, this action was filed one month *before* Display Works filed the New Jersey action. *See* New Jersey Compl., Exh. B to RJN. And, Derse raised the issue of Mr. Bartley's noncompetition/nonsolicitiation agreement *before* the New Jersey action was filed. Dkt. #12-7, ¶ 4.

*Third*, as with the declaratory relief claim, Plaintiffs' UCL claim is not time-barred or barred by laches because there was no threat of harm until Mr. Bartley

MOTION FOR JUDGMENT ON THE PLEADINGS
DWT 29217198v2 0106016-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

resigned. *See Beaver v. Tarsadia Hotels*, No. 15-55106, 2016 WL 909163, at *4 (9th Cir. Mar. 10, 2016) ("[U]nder the UCL's statute of limitations, the cause of action accrued when the harm was completed.") Recently, in *Beaver*, the Ninth Circuit explained that "in light of the remedial purposes of the UCL," it agreed that the plaintiff's UCL claim accrued at the time of "injury in fact" – not when the technical violation occurred. *Id.* As in *Beaver*, here, the injury in fact did not occur until after Mr. Bartley resigned on January 7, 2016. Nor is there any evidence of delay or prejudice suffered by Display Works to constitute laches. *See Golden Gate Water Ski Club*, 165 Cal. App. 4th at 263. Moreover, an employer's obligation to comply with Section 16600 is ongoing; thus, even assuming arguendo that Bartley's UCL claim accrued when he signed the agreement, it would continue to accrue for the agreement's alleged duration. *See, e.g., Aryeh,* 55 Cal. 4th at 1201 (continuous accrual doctrine applied to UCL claim for recurring imposition of excess charges); *see also Jones v. Tracy School Dist.*, 27 Cal. 3d 99, 103-107 (1980) (2-year statute of limitation did not bar sex discrimination suit because the employer's obligation not to discriminate was ongoing.)

Therefore, given that Display Works has engaged in unfair competition to cause Plaintiffs' injury under the UCL, the Court must grant judgment in favor of Plaintiffs.

**C.**   **Display Works' Use of Noncompetition/Non-Solicitation Agreements Constitutes Unlawful Interference with Mr. Bartley's and Derse's Prospective Economic Advantage Under California Law.**

To state a claim for intentional interference with prospective economic advantage, a plaintiff must show " '(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.'" *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1153 (2003) (citations omitted).  In addition, a plaintiff must allege that the defendant's conduct was "wrongful by some legal measure other than the fact of the interference itself." *Id.* at 1153. "An act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Id.* at 1159.

In this case, Mr. Bartley has an economic relationship with his new employer, Derse, and there is a future probability that Derse and Mr. Bartley will benefit economically from each other.  FAC ¶ 46.  Display Works admits that it knew about Mr. Bartley's relationship with Derse.  *See* FAC ¶ 35; Answer ¶ 35.  Yet, it has refused to confirm that it will not enforce illegal restrictive covenants upon Mr. Bartley, which interferes with Mr. Bartley's and Derse's relationship.  As a result, Derse has suffered harm because it cannot freely and lawfully hire former Display Works employees.  *See* FAC ¶¶ 52-53.  Mr. Bartley has suffered because he cannot freely pursue gainful employment in his chosen field in California and fairly compete for customers, nor can he work for competitors such as Derse without the threat of interference from Display Works.  *Id.*

Further, Display Works' conduct was independently wrongful because it violated the UCL.  In *CRST Van Expedited, Inc. v. Werner Enterprises, Inc.*, 479 F.3d 1099, 1011-1111 (9th Cir. 2007), the Ninth Circuit held that "the requirement of an independently wrongful act under California law of intentional interference with prospective economic relations may be satisfied even by an alleged violation of a borrowing statute like the UCL."  The court explained that "even though the act that constitutes the violation of tort duties . . . is the same, it also violates the law, to wit, the UCL, independent of those tort duties." *Id.* at 1111. Similarly, the California Supreme Court has stated that having an employee sign an invalid noncompete

agreement "could be considered a wrongful act for purposes of his claim for interference with prospective economic advantage." *Edwards*, 44 Cal. 4th at 950.

## V.   CONCLUSION

For the foregoing reasons, Plaintiffs are entitled to judgment on the pleadings on each claim.  Accordingly, Plaintiffs seek orders from this Court declaring that (1) the Agreement is unenforceable because it expired; (2) even if it did not expire, the Agreement is unenforceable because it violates Section 16600; (3) Display Works' use of noncompetition/ nonsolicitation agreements violates California's Unfair Competition Law; and (4) Display Works' use of noncompetition/nonsolicitation agreements constitutes unlawful interference with Mr. Bartley and Derse's prospective economic advantage under California law.


DATED: March 31, 2016                    DAVIS WRIGHT TREMAINE LLP
                                         EMILIO G. GONZALEZ
                                         CARLA A. MCCAULEY
                                         SCOTT R. COMMERSON


                                         By: *s/Scott R. Commerson*
                                               Scott R. Commerson

                                         Attorneys for Plaintiff
                                         MICHAEL BARTLEY AND DERSE

                                         KRING & CHUNG, LLP
                                         LAURA C. HESS

                                         By: *s/Laura C. Hess*
                                               Laura C. Hess
                                         Attorneys for Plaintiff
                                         MICHAEL BARTLEY

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899